# ATTACHMENT 4

DONALD W. COHEN

ARBITRATOR AND MEDIATOR

1220 BROOK LANE

GLENVIEW, ILLINOIS 60025

TELEPHONE (847) 729-4787

FAX (847) 729-4788



October 26, 2005

Roland Watkins
Director, Arbitration
National Mediation Board
Washington, D.C. 20572

Dear Mr. Watkins:

On August 12, 2005, I was appointed by the NMB to act as Referee on the Third Division to make awards on the enclosed panel of cases. I then offered a number of possible hearing dates.

Thereafter, I received a letter from Roy Robinson, on behalf of the Brotherhood of Maintenance of Way Employes Division, stating that the employer, CSXT, would not agree to schedule the cases. He requested that I proceed to do so.

Michael Lesnick responded on behalf of CSXT, stating that there was no funding authorized for a hearing and that the panel was not in the proper sequence.

Copies of both letters are enclosed. This leads to my question to you, which is whether I have the authority to set a hearing date at this time. Please advise.

Very truly yours,

Donald W. Cohen

Donald W. Cohen
cc. Michael Lesnick and Roy Robinson



# Brotherhood of Maintenance of Way Employes Division
of the International Brotherhood of Teamsters

Freddie N. Simpson  
President

Perry K. Geller, Sr.  
Secretary-Treasurer

**SENT VIA ELECTRONIC TRANSMISSION  
AND U.S. MAIL**

October 7, 2005

Mr. Donald W. Cohen  
Arbitrator  
1220 Brook Lane  
Glenview, IL 60025

Dear Mr. Cohen:

    This is in reference to the letter dated August 12, 2005 wherein the National Mediation Board (NMB), pursuant to its authority under Paragraph (l) of Section 153, First of the Railway Labor Act, appointed you to sit with the Third Division of the National Railroad Adjustment Board as a neutral referee and member to make awards on ten (10) cases on which the Carrier and Labor Members are deadlocked.

    As the Neutral Member of the Third Division for the ten (10) cases identified in Attachment "A" to the NMB's August 12, 2005 letter, you have the responsibility for resolving deadlocks between the partisan members. The Labor and Carrier Members of the Third Division are now deadlocked with respect to setting a date for the hearing on the ten (10) cases in question. Therefore, I am hereby requesting that you resolve that deadlock by setting a time and date for the hearing consistent with the general purpose of the Railway Labor Act, "... to provide for the prompt and orderly settlement of disputes growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." 45 U.S.C. § 151 (a) (5).

    Pursuant to your advice to former Vice Chairman of the Third Division, Mr. W. R. Miller on August 15, 2005, you were potentially available to hold hearings on these cases on November 1, 2, 3, 4, 10, 11, 18, 21, 22, 23, 28, 29, 30, December 1, 8, 15 and 19, 2005; and January 5, 19, 20, 23, 26 and 31, 2006. All of these dates are acceptable to the Labor Members. I urge you to set a date as early as possible.

    For your information, this is not the first time that the Carrier Members have failed to agree on dates to hear cases involving CSXT and contacting out of work. To the contrary, we ex-

Mr. Donald W. Cohen
October 7, 2005
Page Two

perienced similar resistance in connection with List 648 assigned to Arbitrator Jonathan Klein and List 647 assigned to Referee Gerald Wallin. Referee Klein exercised his authority under the Railway Labor Act to set and hold a hearing on September 26, 2005. As reflected in the attached correspondence, Arbitrator Wallin made inquires to the NMB concerning his authority and upon receipt of advice that he had authority to set a hearing date, set and held a hearing on September 27, 2005.

    Thank you in advance for your prompt attention to this important matter.

                              Sincerely,

                              Roy C. Robinson
                              Labor Member
                              Third Division Chairman

Attachments

cc:    Mr. Roland Watkins, Director - Office of Arbitration Services
       Mr. Rick Radek, Board Chairman
       Mr. Marty Fingerhut, Board Vice Chairman
       Mr. Mike Lesnik, Third Division Vice Chairman



1901 L STREET, NW, WASHINGTON, D.C. 20036-3514/TELEPHONE: 202-862-7200 FAXES: 202-862-7230

CARRIER MEMBERS - NATIONAL RAILROAD ADJUSTMENT BOARD

MARTIN W. FINGERHUT
Executive Director
mfingerhut@rrnrlc.org
202-862-7241

BJARNE R. HENDERSON
bhenderson@rrnrlc.org
202-862-7229

JOHN P. LANGE
jlange@rrnrlc.org
202-862-7239

MICHAEL C. LESNIK
mlesnik@rrnrlc.org
202-862-7240

Mr. Donald W. Cohen
1220 Brook Lane
Glenview, Illinois
60025

Dear Mr. Cohen:

I am writing in response to the October 7, 2005 letter of Roy Robinson, Labor Member and Third Division Chairman. In that letter, he contends that the Carrier and Labor Members have deadlocked on picking a hearing date and asks that you set a date from a list of dates you may be available. He urges you "... to set a date as early as possible." As I will explain, it is not appropriate for a hearing date to be set at this time.

As Mr. Robinson is aware, the National Mediation Board (NMB) has advised CSX Transportation, Inc. (CSXT) and the Brotherhood of Maintenance of Way Employes Division of the International Brotherhood of Teamsters (BMWE) that there will be no priority funding for BMWE - CSXT contracting out cases in the current fiscal year (2006). As I will explain in this letter, BMWE, through Mr. Robinson's request to you to set a hearing date, is attempting just that. Under the National Railroad Adjustment Board's (NRAB) procedures, the ten cases for which you have been appointed would not normally be heard until sometime in 2007. The Carrier Members believe that the NMB's statement that there will be no priority funding means, at a minimum, that the NMB will not authorize payment for any work on BMWE - CSXT contracting out cases in the current fiscal year until other cases involving CSXT and other carriers and organizations, which have been pending longer than the BMWE - CSXT contracting cases, and for which arbitrators had already been appointed or requested, have been funded. In any event, at this time, the NMB is not authorizing funding for any arbitration, because Congress has yet to approve a budget for this fiscal year. When it does begin authorizing funding of arbitration, I understand that funding for BMWE - CSXT cases must first be specifically authorized by the full NMB. Thus, because the NMB has not authorized funding for a hearing on these ten

Mr. Donald W. Cohen
October 13, 2005
Page 2

cases or any arbitration, it would be improper and pointless to try and set a hearing date at this time.

The ten cases on which the Carrier and Labor Members have deadlocked are contracting out cases involving CSXT and BMWE. The BMWE has several hundred such cases pending at the Third Division and continues to file more. As you may know, under the NRAB's procedures, after cases are considered to be deadlocked, they await their turn to be placed on deadlock lists by agreement of the Chairman and Vice Chairman of the Division. Only after they have been placed on such a list do the Chairman and Vice Chairman seek the appointment of an arbitrator to sit with the Third Division to decide the cases on a particular deadlock list. Even then, there may be several lists for which arbitrators must be selected before an arbitrator is requested for that particular list. Generally speaking, arbitration cases are heard in the order of the list upon which they have been placed, unless the Chairman and Vice Chairman agree otherwise. As noted above, given the Third Division's case load, under the Division's normal procedures, the contracting out cases for which Mr. Robinson is asking that you establish a hearing date would not be the subject of a hearing until sometime in 2007.

The Carrier Members disagree that there has been a "deadlock" over the establishment of hearing dates. The NRAB procedures that I have just described specify a means for determining the relative order in which cases are heard. The Carrier Members are opposed to attempts by BMWE, with the cooperation of the Labor Members of the Division, to circumvent these well-established NRAB procedures and have the BMWE - CSXT contracting out cases leapfrog over hundreds of other cases at the Division, involving other carriers and organizations and individual employees, and which have been pending far longer than these BMWE - CSXT cases. Mr. Robinson quotes a purpose of the Railway Labor Act ". . . to provide for the prompt and orderly settlement of disputes growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." 45 U.S.C. § 151a(5). Mr. Robinson omitted the word "all" when he quoted the statute to you. And that is the key point here. The Act requires the "prompt and orderly" resolution of all disputes, not just certain arbitration cases involving BMWE and CSXT.

After cases have been deemed deadlocked, the BMWE has been requesting the NMB to appoint an arbitrator to hear a list of cases that the BMWE has selected from among the many cases that it has submitted to the NRAB. Arbitrators Gerald Wallin and Jonathan Klein were appointed in this manner. The NMB did subsequently advise Arbitrator Wallin that the Railway Labor Act granted him the authority to set a hearing date if the Carrier and Labor Members could not agree on one. The Carrier Members to the NRAB, as well as CSXT, disagree that the NMB has the statutory

Mr. Donald W. Cohen
October 13, 2005
Page 3

authority to give Arbitrator Wallin the advice that it did. We further dispute the NMB's unprecedented interpretation of the RLA to allow an arbitrator to set a hearing date that results in cases being heard out of order contrary to the NRAB's procedures. Near the end of the just past fiscal year, the NMB authorized one day each for Arbitrators Wallin and Klein to hold hearings on the ten cases for which they were respectively assigned to sit with the Division. Without prejudice to the position that these cases were being heard contrary to the NRAB's rules of procedure, the Carrier Members and CSXT agreed to participate in these two hearings. If and when the NMB were to allocate funds for a hearing on the instant ten cases, any participation by the Carrier Members and CSXT would similarly be without prejudice to their legal position.

In summary, we are delighted that you have been assigned this docket of cases and look forward to presenting them to you at the appropriate time. However, it is respectfully suggested that any consideration of a hearing date be deferred until after the NMB has expressly authorized payment for any work on these ten cases.

Sincerely yours,

*Michael C. Lesnik*

Third Division Vice Chairman


Copy: Rick Radek, NRAB Chairman
      Martin W. Fingerhut, NRAB Vice Chairman
      Roy C. Robinson, Third Division Chairman
      Roland Watkins, Director - Office of Arbitration Services, NMB