# ATTACHMENT 9



J. H. Wilson, Director
Labor Relations

Labor Relations Department
500 Water Street, J-455
Jacksonville, FL 32202

(904) 359-1448

August 14, 2006

Mr. B. A. Winter, General Chairman
Brotherhood of Maintenance of Way Employes
CRR System Federation
58 Grande Lake Drive, Suite #2
Port Clinton, OH 43452

Mr. J. Dodd, General Chairman
Brotherhood of Maintenance of Way Employes
Pennsylvania Federation
121 North Broad Street, Suite 503
Philadelphia, PA 19107

Mr. E. R. Brassell, General Chairman
Brotherhood of Maintenance of Way Employes
Allied Eastern Federation
114 Canfield Place, Unit A8
Hendersonville, TN 37075

Mr. T. R. McCoy, General Chairman
Brotherhood of Maintenance of Way Employes
Affiliated System Federation
9300 Runyon Road
Catlettsburg, KY 41129

Gentlemen:

    CSX Transportation, Inc. ("CSXT") is requesting, pursuant to the second unnumbered paragraph of Section 3, Second of the Railway Labor Act, 45 U.S.C. § 153, Second (as amended by Pub. L. No. 89-456), that the Organization join with CSXT to establish a special board of adjustment, i.e., a public law board, to hear the fifty (50) cases listed on Attachment A to this letter. These cases are pending at the National Railroad Adjustment Board and have been so for more than twelve months since received by the Board. The cases on Attachment A, which by this request are being removed from the Third Division, are contracting out cases and include the cases for which Arbitrator Donald W. Cohen has previously been appointed to sit with the Third Division. A proposed draft of a public law board agreement is attached as Attachment B.

    Under the RLA, the parties are to meet within 30 days of this request to reach an agreement to establish a public law board. CSXT designates James H. Wilson as its member of the proposed public law board. Please advise as to dates that the Organization has to discuss the terms of an agreement establishing a public law board as requested by this letter.

                                  Sincerely yours,

                                  *J. H. Wilson*

                                J. H. Wilson, Director
                                Labor Relations

cc:    Roy C. Robinson, Labor Member, Third Div., NRAB
        Mike Lesnik, Carrier Member, Third Div., NRAB
        Roland Watkins
        Donald W. Cohen



Attachment A

| Letter of Intent | NRAB No. | Docket No. | File No. |
|---|---|---|---|
| 05/27/04 | 04-3-247 | 38317 | 12(03-0546) 12(03-0623) |
| 05/27/04 | 04-3-248 | 38318 | 12(03-0424) |
| 06/10/04 | 04-3-266 | 38330 | 12(03-0346) |
| 06/10/04 | 04-3-267 | 38331 | 12(03-0353) |
| 06/10/04 | 04-3-269 | 38333 | 12(03-0401) |
| 11/29/04 | 04-3-610 | 38581 | 12(03-0731) 12(03-0728) 12(03-0958) 12(03-0961) 12(03-0963) |
| 12/15/04 | 04-3-637 | 38622 | 12(03-0905) |
| 12/15/04 | 04-3-638 | 38623 | 12(03-0909) |
| 01/06/05 | 05-3-020 | 38642 | 12(03-0959) |
| 01/20/05 | 05-3-040 | 38654 | 12(04-0312) 12(04-0284) 12(04-0271) 12(04-0300) |
| 06/10/04 | 04-3-272 | 38335 | 12(03-0423) |
| 06/10/04 | 04-3-273 | 38336 | 12(03-0383) |
| 06/14/04 | 04-3-279 | 38340 | 12(03-0520) 12(03-0539) |
| 06/14/04 | 04-3-281 | 38342 | 12(03-0438) |
| 7/15/04 | 04-3-359 | 38399 | 12(03-0552) |
| 07/15/04 | 04-3-360 | 38400 | 12(03-0304) |
| 07/22/04 | 04-3-373 | 38418 | 12(03-0303) |
| 07/22/04 | 04-3-372 | 38417 | 12(03-0414) |
| 08/04/04 | 04-3-395 | 38438 | 12(03-0567) |
| 08/10/04 | 04-3-407 | 38455 | 12(03-0592) |
| 08/11/04 | 04-3-411 | 38459 | 12(03-0659) |
| 08/11/04 | 04-3-412 | 38460 | 12(03-0683) |
| 09/03/04 | 04-3-454 | 38483 | 12(03-0700) |
| 09/10/04 | 04-3-468 | 38493 | 12(03-0658) |
| 09/10/04 | 04-3-470 | 38495 | 12(03-0723) |
| 09/10/04 | 04-3-471 | 38496 | 12(03-0823) |
| 09/29/04 | 04-3-499 | 38517 | 12(03-0211) |
| 09/29/04 | 04-3-500 | 38518 | 12(03-0598) |
| 09/29/04 | 04-3-502 | 38520 | 12(03-0596) |
| 10/14/04 | 04-3-521 | 38533 | 12(03-0937) |
| 10/19/04 | 04-3-530 | 38537 | 12(03-0760) |
| 11/19/04 | 04-3-586 | 38575 | 12(03-1013) 12(03-1014) 12(03-1015) |
| 01/13/05 | 05-3-024 | 38648 | 12(03-1003) |
| 02/16/05 | 05-3-073 | 38690 | 12(04-0249) |
| 02/23/05 | 05-3-082 | 38693 | 12(04-0192) |
| 3/14/05 | 05-3-129 | 38729 | 12(04-0082) |
| 4/06/05 | 05-3-170 | 38759 | 12(04-0307) |

**Attachment A**

| | | | |
|---|---|---|---|
| 04/12/05 | 05-3-184 | 38792 | 12(04-0151) 12(04-0703) |
| 04/13/05 | 05-3-188 | 38796 | 12(04-0345) |
| 05/02/05 | 05-3-221 | | 12(04-0418) 12(04-0421) |
| 05/11/05 | 05-3-238 | | 12(04-0478) |
| 05/16/05 | 05-3-245 | 38823 | 12(04-0384) |
| 05/26/05 | 05-3-261 | 38832 | 12(04-0477) |
| 06/06/05 | 05-3-276 | 38844 | 12(04-0670) |
| 06/06/06 | 05-3-277 | 38845 | 12(04-0706) |
| 06/06/05 | 05-3-278 | 38846 | 12(04-0404) |
| 06/06/05 | 05-3-279 | 38847 | 12(04-0515) |
| 06/13/05 | 05-3-289 | 38856 | 12(04-0617) |
| 06/13/05 | 05-3-290 | 38857 | 12(04-0406) |
| 06/15/05 | 05-3-294 | 38861 | 12(04-0616) |

Attachment B

# Agreement
## between

## Brotherhood of Maintenance of Way Employes
(hereinafter referred to as the Organization)

and

## CSX TRANSPORTATION, INC.
(hereinafter referred to as the Carrier)

FOR THE PURPOSE OF ESTABLISHING A PUBLIC LAW BOARD UNDER SECTION 3, SECOND, OF THE RAILWAY LABOR ACT, AS AMENDED BY PUBLIC LAW 89-456:

1. There shall be established a Public Law Board which shall be designated by number _____ assigned by the National Mediation Board and will hereafter be referred to as the "Board".

2. The Board will consist of three members. One member shall be selected by the Carrier and shall be known as the "Carrier Member". One member shall be selected by the Organization and shall be known as the "Employee Member". The third member, who shall be Chairman of the Board, shall be a neutral person, unbiased as between the parties. The Carrier Member and the Employee Member may be changed at any time by the respective parties designating them. _____ is designated by the Carrier as the Carrier Member of the Board. _____ is designated by the Organization as the Employee Member of the Board. The partisan members shall promptly attempt to agree to a panel of three separate Neutral Members ("Panel"), who sequentially will rotate service as the Chairmen and Neutral Member of the Board.

3. If the partisan members are unable to agree upon an individual(s) to comprise the Panel, the parties agree to contact the National Mediation Board and request a "strike" list of arbitrators, experienced in the railroad industry (no arbitrator with a current or former relationship with or representation of a carrier or a union) from which the partisan members will choose all, or a portion of the neutrals that will comprise the Panel. The strike list shall be comprised of nine arbitrators if there is one vacancy, eleven arbitrators if there are two and fifteen arbitrators where there are three vacancies. The first strike between the partisan members will be determined by draw. Striking shall continue until the number of names remaining is equal to the number of vacancies. A subsequent vacancy on the Board, involving a Neutral member shall be filled in the same manner as in the original selection.

4. The compensation and expenses of the Carrier Member shall be borne by the Carrier. The compensation and expenses of the Employee Member shall be borne by the Organization. The compensation and expenses of the Chairman and Neutral Member shall be determined and paid

by the National Mediation Board pursuant to Public Law 89-456. All other expenses of the Board shall be borne half by the Organization and half by the Carrier.

5. The Board shall meet at Jacksonville, FL or such other location as agreed by the partisan members. The Board shall hold its first hearing beginning in October 2006 and hold additional hearings bi-monthly until all cases assigned to the Board have been heard. The dates and times of the bi-monthly hearings shall be determined by the Board, consistent with the availability of the Neutral Member(s) and funding by the NMB. However, the Neutral Member of bi-monthly hearings shall rotate sequentially among Neutral Members of the Panel, absent mutual agreement of the partisan members. Any unresolved disputes over scheduling or location of hearings will be determined by the Neutral Member who is next in the sequence to hold bi-monthly hearings. Both parties shall request the NMB to provide adequate funding to hear and decide the disputes assigned to the Board.

6. The Board shall have jurisdiction limited to the fifty (50) subcontracting claims or grievances shown on the attachment list (Attachment "A"), except as specifically provided herein. Ten (10) cases shall be heard at each bi-monthly meeting. Disputes will be heard in order listed in Attachment A unless the partisan members agree to a different order. If the Organization designates fifty (50) subcontracting claims and grievances and lists those disputes in Attachment B, then the jurisdiction of the Board will extend to the disputes in Attachments A and B and the first 5 cases will be heard from Attachment A and from Attachment B at the bi-monthly hearings.

   No other claims or grievances shall be submitted to the Board except by mutual agreement of both parties, subject to approval of the National Mediation Board and acceptance by the Neutral Member of the Board.

   In addition to the submissions to the NRAB, the parties, by overnight delivery to the other party and the Neutral Member, shall exchange supplemental submissions at least fourteen (14) days prior to the date the dispute(s) are to be heard. Supplemental submissions shall be limited to twenty-five (25) pages. The Board shall hold hearings on claims submitted to it. At such hearings, the parties may be heard in person, by counsel or by other authorized representatives as they may elect.

7. A determination that a third party may have an interest in a work jurisdiction dispute shall be made by the Board as constituted with the Chairman and Neutral Member to consider and dispose of the dispute. Where it is determined that a third party may have an interest in a dispute, such party shall be notified by the Board of the dispute and shall be furnished a copy of the claim and a copy of this agreement. Such third party shall be given reasonable notice of the date and time the dispute is to be heard by the Board and shall be afforded an opportunity to appear before the Board on such date and present its case to the Board in a manner consistent with the rules and procedures adopted by the Board, including the right to appear at any executive session of the Board convened for the purpose of considering and adopting any proposed award involving third parties. The Chairman and Neutral Member of the Board shall be one of the two or more members to determine whether a notice or hearing shall be given to

third parties to the disputes. In disputes where a third party notice is given only the Neutral, the Employee and Carrier Members will be signatory to the award.

No decision shall be rendered in a dispute involving one or more third parties unless it is resolved as to all parties involved. If in a judicial proceeding an award is held not binding on one or more of the parties, the award shall be deemed not binding on any of the parties.

8. Each member of the Board shall have one vote and any two members of the Board shall be competent to render an award and to make any decision that the Board is empowered to make by statute or this agreement. The Board shall make findings and render an award within sixty (60) days after the close of hearing of all claims with the exception of such case or cases as may have been withdrawn from the Board. A case may be withdrawn from the Board only by mutual consent of the partisan parties. Findings and Awards shall be in writing and a copy shall be furnished the respective parties to the dispute. If the Award is in favor of the employee, such Award or Awards shall direct the other party to comply therewith on or before an identified date.

If, within ninety (90) days of the date of an Award, a dispute arises involving an interpretation or application of an Award, the Board, upon request of either party, shall interpret the Award in light of the dispute.

9. The Board hereby established shall continue in existence until it has disposed of all claims and grievances submitted to it under this agreement, after which it will cease to exist, except for interpretation of its Award as above provided.

Signed at _____, this _____ day of _____, 2006.

For the Organization:                              For the Carrier:

_____                      _____

Attachment A

| Letter of Intent | NRAB No. | Docket No. | File No. |
|---|---|---|---|
| 05/27/04 | 04-3-247 | 38317 | 12(03-0546)<br>12(03-0623) |
| 05/27/04 | 04-3-248 | 38318 | 12(03-0424) |
| 06/10/04 | 04-3-266 | 38330 | 12(03-0346) |
| 06/10/04 | 04-3-267 | 38331 | 12(03-0353) |
| 06/10/04 | 04-3-269 | 38333 | 12(03-0401) |
| 11/29/04 | 04-3-610 | 38581 | 12(03-0731)<br>12(03-0728)<br>12(03-0958)<br>12(03-0961)<br>12(03-0963) |
| 12/15/04 | 04-3-637 | 38622 | 12(03-0905) |
| 12/15/04 | 04-3-638 | 38623 | 12(03-0909) |
| 01/06/05 | 05-3-020 | 38642 | 12(03-0959) |
| 01/20/05 | 05-3-040 | 38654 | 12(04-0312)<br>12(04-0284)<br>12(04-0271)<br>12(04-0300) |
| 06/10/04 | 04-3-272 | 38335 | 12(03-0423) |
| 06/10/04 | 04-3-273 | 38336 | 12(03-0383) |
| 06/14/04 | 04-3-279 | 38340 | 12(03-0520)<br>12(03-0539) |
| 06/14/04 | 04-3-281 | 38342 | 12(03-0438) |
| 7/15/04 | 04-3-359 | 38399 | 12(03-0552) |
| 07/15/04 | 04-3-360 | 38400 | 12(03-0304) |
| 07/22/04 | 04-3-373 | 38418 | 12(03-0303) |
| 07/22/04 | 04-3-372 | 38417 | 12(03-0414) |
| 08/04/04 | 04-3-395 | 38438 | 12(03-0567) |
| 08/10/04 | 04-3-407 | 38455 | 12(03-0592) |
| 08/11/04 | 04-3-411 | 38459 | 12(03-0659) |
| 08/11/04 | 04-3-412 | 38460 | 12(03-0683) |
| 09/03/04 | 04-3-454 | 38483 | 12(03-0700) |
| 09/10/04 | 04-3-468 | 38493 | 12(03-0658) |
| 09/10/04 | 04-3-470 | 38495 | 12(03-0723) |
| 09/10/04 | 04-3-471 | 38496 | 12(03-0823) |
| 09/29/04 | 04-3-499 | 38517 | 12(03-0211) |
| 09/29/04 | 04-3-500 | 38518 | 12(03-0598) |
| 09/29/04 | 04-3-502 | 38520 | 12(03-0596) |
| 10/14/04 | 04-3-521 | 38533 | 12(03-0937) |
| 10/19/04 | 04-3-530 | 38537 | 12(03-0760) |
| 11/19/04 | 04-3-586 | 38575 | 12(03-1013)<br>12(03-1014)<br>12(03-1015) |
| 01/13/05 | 05-3-024 | 38648 | 12(03-1003) |

| | | | |
|---|---|---|---|
| 02/16/05 | 05-3-073 | 38690 | 12(04-0249) |
| 02/23/05 | 05-3-082 | 38693 | 12(04-0192) |
| 3/14/05 | 05-3-129 | 38729 | 12(04-0082) |
| 4/06/05 | 05-3-170 | 38759 | 12(04-0307) |
| 04/12/05 | 05-3-184 | 38792 | 12(04-0151) 12(04-0703) |
| 04/13/05 | 05-3-188 | 38796 | 12(04-0345) |
| 05/02/05 | 05-3-221 | | 12(04-0418) 12(04-0421) |
| 05/11/05 | 05-3-238 | | 12(04-0478) |
| 05/16/05 | 05-3-245 | 38823 | 12(04-0384) |
| 05/26/05 | 05-3-261 | 38832 | 12(04-0477) |
| 06/06/05 | 05-3-276 | 38844 | 12(04-0670) |
| 06/06/06 | 05-3-277 | 38845 | 12(04-0706) |
| 06/06/05 | 05-3-278 | 38846 | 12(04-0404) |
| 06/06/05 | 05-3-279 | 38847 | 12(04-0515) |
| 06/13/05 | 05-3-289 | 38856 | 12(04-0617) |
| 06/13/05 | 05-3-290 | 38857 | 12(04-0406) |
| 06/15/05 | 05-3-294 | 38861 | 12(04-0616) |

Attachment B

| Letter of Intent | NRAB No. | Docket No. | File No. |
|---|---|---|---|
|  |  |  |  |