# ATTACHMENT  12

*O'Donnell, Schwartz & Anderson, P. C.*

*Counselors at Law*

DARRYL J. ANDERSON
MARTIN R. GANZGLASS
LEE W. JACKSON
ANTON G. HAJJAR*
RICHARD S. EDELMAN
PETER J. LEFF**
MELINDA K. HOLMES
DANIEL B. SMITH*
BRENDA C. ZWACK
JENNIFER L. WOOD†

*1900 L Street, N. W., Suite 800*
*Washington, D. C. 20036-5023*

(202) 898-1824
FAX (202) 429-8928

JOHN F. O'DONNELL
(1907-1993)
ASHER W. SCHWARTZ
(1911-2006)

*1300 L Street, N. W.*
*Suite 1200*
*Washington, D. C. 20005*

(202) 898-1707

* ALSO MD
** ALSO VA
† VA BAR ONLY

October 25, 2006

**By Hand Delivery**
**and First Class Mail**

Roland Watkins
Director, Office of Arbitration Services
National Mediation Board
1301 K Street, N.W., Suite 250 East Tower
Washington, DC 20572

Re: Public Law Board-BMWED and CSXT

Dear Mr. Watkins,

On August 14, 2006, CSX Transportation wrote to the Brotherhood of Maintenance of Way Employes Division/IBT seeking to establish a Public Law Board pursuant to RLA Section 3 Second to hear various cases that had been on file with the National Railroad Adjustment Board for more than one year. Among those cases were ten cases for which Arbitrator Donald Cohen had already been selected to sit as a neutral member to make awards. BMWED responded that CSXT could not withdraw those cases from Arbitrator Cohen and refer them to a new PLB. BMWED also asserted that any PLB that is established should include additional contracting-out cases that have been pending at the NRAB for more than a year. Additionally, BMWED objected to certain procedural terms of the PLB agreement proposed by CSXT, and provided its own proposed agreement.

The parties each appointed members for the PLB, engaged in further correspondence and met twice to discuss this matter, but they have been unable to reach an agreement concerning the establishment and jurisdiction of a PLB. Attached to this letter are copies of correspondence between the parties which demonstrate that the parties have been unable to come to an agreement. In accordance with Section 3 Second, BMWED therefore requests that the Mediation Board appoint a neutral to resolve the issues between the parties concerning the establishment of a PLB. Of course, BMWED contends that neither CSXT nor the Board could withdraw the cases from Arbitrator Cohen; that issue is now before the U.S. District Court in Washington, D.C. But BMWED recognizes that the Act certainly requires appointment of a procedural neutral to

1

establish the terms for a PLB for the other cases. If CSXT chooses to continue to argue that the cases assigned to Mr. Cohen should be included among those submitted to the PLB, BMWED will advise the procedural neutral that he/she has no jurisdiction to decide that question. BMWED assumes that the Board's communications to the neutral appointed will not expressly or implicitly decide that issue or suggest a decision on that issue.

As you are well aware, the manner and timing of arbitration of contracting-out cases between BMWED and CSXT has been very contentious. As you also know, there has been controversy regarding the identity of arbitrators designated to handle these cases. BMWED therefore assumes that the NMB will be cognizant of that background and move promptly to effect an appointment, but take care to ensure that the arbitrator appointed to be the neutral to resolve the issues between the parties concerning the establishment of a PLB will be a person who has the sort of experience and background that renders that person acceptable to both parties.

BMWED requests that you advise the following Board members of the parties regarding selection of a neutral member of the Board:

For BMWED:

Steven V. Powers
Brotherhood of Maintenance of Way Employees
Division/IBT
150 S. Wacker Dr., Suite 300
Chicago, IL   60606

For CSXT

James H. Wilson
Director Labor Relations
CSX Transportation
500 Water Street J-455
Jacksonville, FL 32202

Respectfully,

Richard S. Edelman
O'Donnell, Schwartz & Anderson, P.C.

cc:    James H. Wilson
       Steven V. Powers
       Mary Johnson, General Counsel
       Ronald M. Johnson
       Freddie Simpson
       Roy C. Robinson



**TRANSPORTATION**

J. H. Wilson, Director
Labor Relations

Labor Relations Department
500 Water Street, J-455
Jacksonville, FL 32202

(904) 359-1448

August 14, 2006

Mr. B. A. Winter, General Chairman
Brotherhood of Maintenance of Way Employes
CRR System Federation
58 Grande Lake Drive, Suite #2
Port Clinton, OH 43452

Mr. J. Dodd, General Chairman
Brotherhood of Maintenance of Way Employes
Pennsylvania Federation
121 North Broad Street, Suite 503
Philadelphia, PA 19107

Mr. E. R. Brassell, General Chairman
Brotherhood of Maintenance of Way Employes
Allied Eastern Federation
114 Canfield Place, Unit A8
Hendersonville, TN 37075

Mr. T. R. McCoy, General Chairman
Brotherhood of Maintenance of Way Employes
Affiliated System Federation
9300 Runyon Road
Catlettsburg, KY 41129

Gentlemen:

CSX Transportation, Inc. ("CSXT") is requesting, pursuant to the second unnumbered paragraph of Section 3, Second of the Railway Labor Act, 45 U.S.C. § 153, Second (as amended by Pub. L. No. 89-456), that the Organization join with CSXT to establish a special board of adjustment, i.e., a public law board, to hear the fifty (50) cases listed on Attachment A to this letter. These cases are pending at the National Railroad Adjustment Board and have been so for more than twelve months since received by the Board. The cases on Attachment A, which by this request are being removed from the Third Division, are contracting out cases and include the cases for which Arbitrator Donald W. Cohen has previously been appointed to sit with the Third Division. A proposed draft of a public law board agreement is attached as Attachment B.

Under the RLA, the parties are to meet within 30 days of this request to reach an agreement to establish a public law board. CSXT designates James H. Wilson as its member of the proposed public law board. Please advise as to dates that the Organization has to discuss the terms of an agreement establishing a public law board as requested by this letter.

Sincerely yours,

*J. H. Wilson*

J. H. Wilson, Director
Labor Relations

cc:    Roy C. Robinson, Labor Member, Third Div., NRAB
       Mike Lesnik, Carrier Member, Third Div., NRAB
       Roland Watkins
       Donald W. Cohen

Attachment B

## Agreement
### between

## Brotherhood of Maintenance of Way Employes
### (hereinafter referred to as the Organization)

### and

## CSX TRANSPORTATION, INC.
### (hereinafter referred to as the Carrier)

FOR THE PURPOSE OF ESTABLISHING A PUBLIC LAW BOARD UNDER SECTION 3, SECOND, OF THE RAILWAY LABOR ACT, AS AMENDED BY PUBLIC LAW 89-456:

1.  There shall be established a Public Law Board which shall be designated by number _____ assigned by the National Mediation Board and will hereafter be referred to as the "Board".

2.  The Board will consist of three members. One member shall be selected by the Carrier and shall be known as the "Carrier Member". One member shall be selected by the Organization and shall be known as the "Employee Member". The third member, who shall be Chairman of the Board, shall be a neutral person, unbiased as between the parties. The Carrier Member and the Employee Member may be changed at any time by the respective parties designating them. _____ is designated by the Carrier as the Carrier Member of the Board. _____ is designated by the Organization as the Employee Member of the Board. The partisan members shall promptly attempt to agree to a panel of three separate Neutral Members ("Panel"), who sequentially will rotate service as the Chairmen and Neutral Member of the Board.

3.  If the partisan members are unable to agree upon an individual(s) to comprise the Panel, the parties agree to contact the National Mediation Board and request a "strike" list of arbitrators, experienced in the railroad industry (no arbitrator with a current or former relationship with or representation of a carrier or a union) from which the partisan members will choose all, or a portion of the neutrals that will comprise the Panel. The strike list shall be comprised of nine arbitrators if there is one vacancy, eleven arbitrators if there are two and fifteen arbitrators where there are three vacancies. The first strike between the partisan members will be determined by draw. Striking shall continue until the number of names remaining is equal to the number of vacancies. A subsequent vacancy on the Board, involving a Neutral member shall be filled in the same manner as in the original selection.

4.  The compensation and expenses of the Carrier Member shall be borne by the Carrier. The compensation and expenses of the Employee Member shall be borne by the Organization. The compensation and expenses of the Chairman and Neutral Member shall be determined and paid

by the National Mediation Board pursuant to Public Law 89-456. All other expenses of the Board shall be borne half by the Organization and half by the Carrier.

5.    The Board shall meet at Jacksonville, FL or such other location as agreed by the partisan members. The Board shall hold its first hearing beginning in October 2006 and hold additional hearings bi-monthly until all cases assigned to the Board have been heard. The dates and times of the bi-monthly hearings shall be determined by the Board, consistent with the availability of the Neutral Member(s) and funding by the NMB. However, the Neutral Member of bi-monthly hearings shall rotate sequentially among Neutral Members of the Panel, absent mutual agreement of the partisan members. Any unresolved disputes over scheduling or location of hearings will be determined by the Neutral Member who is next in the sequence to hold bi-monthly hearings. Both parties shall request the NMB to provide adequate funding to hear and decide the disputes assigned to the Board.

6.    The Board shall have jurisdiction limited to the fifty (50) subcontracting claims or grievances shown on the attachment list (Attachment "A"), except as specifically provided herein. Ten (10) cases shall be heard at each bi-monthly meeting. Disputes will be heard in order listed in Attachment A unless the partisan members agree to a different order. If the Organization designates fifty (50) subcontracting claims and grievances and lists those disputes in Attachment B, then the jurisdiction of the Board will extend to the disputes in Attachments A and B and the first 5 cases will be heard from Attachment A and from Attachment B at the bi-monthly hearings.

No other claims or grievances shall be submitted to the Board except by mutual agreement of both parties, subject to approval of the National Mediation Board and acceptance by the Neutral Member of the Board.

In addition to the submissions to the NRAB, the parties, by overnight delivery to the other party and the Neutral Member, shall exchange supplemental submissions at least fourteen (14) days prior to the date the dispute(s) are to be heard. Supplemental submissions shall be limited to twenty-five (25) pages. The Board shall hold hearings on claims submitted to it. At such hearings, the parties may be heard in person, by counsel or by other authorized representatives as they may elect.

7.    A determination that a third party may have an interest in a work jurisdiction dispute shall be made by the Board as constituted with the Chairman and Neutral Member to consider and dispose of the dispute. Where it is determined that a third party may have an interest in a dispute, such party shall be notified by the Board of the dispute and shall be furnished a copy of the claim and a copy of this agreement. Such third party shall be given reasonable notice of the date and time the dispute is to be heard by the Board and shall be afforded an opportunity to appear before the Board on such date and present its case to the Board in a manner consistent with the rules and procedures adopted by the Board, including the right to appear at any executive session of the Board convened for the purpose of considering and adopting any proposed award involving third parties. The Chairman and Neutral Member of the Board shall be one of the two or more members to determine whether a notice or hearing shall be given to

third parties to the disputes. In disputes where a third party notice is given only the Neutral, the Employee and Carrier Members will be signatory to the award.

No decision shall be rendered in a dispute involving one or more third parties unless it is resolved as to all parties involved. If in a judicial proceeding an award is held not binding on one or more of the parties, the award shall be deemed not binding on any of the parties.

8. Each member of the Board shall have one vote and any two members of the Board shall be competent to render an award and to make any decision that the Board is empowered to make by statute or this agreement. The Board shall make findings and render an award within sixty (60) days after the close of hearing of all claims with the exception of such case or cases as may have been withdrawn from the Board. A case may be withdrawn from the Board only by mutual consent of the partisan parties. Findings and Awards shall be in writing and a copy shall be furnished the respective parties to the dispute. If the Award is in favor of the employee, such Award or Awards shall direct the other party to comply therewith on or before an identified date.

If, within ninety (90) days of the date of an Award, a dispute arises involving an interpretation or application of an Award, the Board, upon request of either party, shall interpret the Award in light of the dispute.

9. The Board hereby established shall continue in existence until it has disposed of all claims and grievances submitted to it under this agreement, after which it will cease to exist, except for interpretation of its Award as above provided.

Signed at _____, this _____ day of _____, 2006.

For the Organization:      For the Carrier:

_____    _____

Attachment A

| Letter of Intent | NRAB No. | Docket No. | File No. |
|---|---|---|---|
| 05/27/04 | 04-3-247 | 38317 | 12(03-0546) 12(03-0623) |
| 05/27/04 | 04-3-248 | 38318 | 12(03-0424) |
| 06/10/04 | 04-3-266 | 38330 | 12(03-0346) |
| 06/10/04 | 04-3-267 | 38331 | 12(03-0353) |
| 06/10/04 | 04-3-269 | 38333 | 12(03-0401) |
| 11/29/04 | 04-3-610 | 38581 | 12(03-0731) 12(03-0728) 12(03-0958) 12(03-0961) 12(03-0963) |
| 12/15/04 | 04-3-637 | 38622 | 12(03-0905) |
| 12/15/04 | 04-3-638 | 38623 | 12(03-0909) |
| 01/06/05 | 05-3-020 | 38642 | 12(03-0959) |
| 01/20/05 | 05-3-040 | 38654 | 12(04-0312) 12(04-0284) 12(04-0271) 12(04-0300) |
| 06/10/04 | 04-3-272 | 38335 | 12(03-0423) |
| 06/10/04 | 04-3-273 | 38336 | 12(03-0383) |
| 06/14/04 | 04-3-279 | 38340 | 12(03-0520) 12(03-0539) |
| 06/14/04 | 04-3-281 | 38342 | 12(03-0438) |
| 7/15/04 | 04-3-359 | 38399 | 12(03-0552) |
| 07/15/04 | 04-3-360 | 38400 | 12(03-0304) |
| 07/22/04 | 04-3-373 | 38418 | 12(03-0303) |
| 07/22/04 | 04-3-372 | 38417 | 12(03-0414) |
| 08/04/04 | 04-3-395 | 38438 | 12(03-0567) |
| 08/10/04 | 04-3-407 | 38455 | 12(03-0592) |
| 08/11/04 | 04-3-411 | 38459 | 12(03-0659) |
| 08/11/04 | 04-3-412 | 38460 | 12(03-0683) |
| 09/03/04 | 04-3-454 | 38483 | 12(03-0700) |
| 09/10/04 | 04-3-468 | 38493 | 12(03-0658) |
| 09/10/04 | 04-3-470 | 38495 | 12(03-0723) |
| 09/10/04 | 04-3-471 | 38496 | 12(03-0823) |
| 09/29/04 | 04-3-499 | 38517 | 12(03-0211) |
| 09/29/04 | 04-3-500 | 38518 | 12(03-0598) |
| 09/29/04 | 04-3-502 | 38520 | 12(03-0596) |
| 10/14/04 | 04-3-521 | 38533 | 12(03-0937) |
| 10/19/04 | 04-3-530 | 38537 | 12(03-0760) |
| 11/19/04 | 04-3-586 | 38575 | 12(03-1013) 12(03-1014) 12(03-1015) |
| 01/13/05 | 05-3-024 | 38648 | 12(03-1003) |

| | | | |
|---|---|---|---|
| 02/16/05 | 05-3-073 | 38690 | 12(04-0249) |
| 02/23/05 | 05-3-082 | 38693 | 12(04-0192) |
| 3/14/05 | 05-3-129 | 38729 | 12(04-0082) |
| 4/06/05 | 05-3-170 | 38759 | 12(04-0307) |
| 04/12/05 | 05-3-184 | 38792 | 12(04-0151)<br>12(04-0703) |
| 04/13/05 | 05-3-188 | 38796 | 12(04-0345) |
| 05/02/05 | 05-3-221 | | 12(04-0418)<br>12(04-0421) |
| 05/11/05 | 05-3-238 | | 12(04-0478) |
| 05/16/05 | 05-3-245 | 38823 | 12(04-0384) |
| 05/26/05 | 05-3-261 | 38832 | 12(04-0477) |
| 06/06/06 | 05-3-276 | 38844 | 12(04-0670) |
| 06/06/06 | 05-3-277 | 38845 | 12(04-0706) |
| 06/06/05 | 05-3-278 | 38846 | 12(04-0404) |
| 06/06/05 | 05-3-279 | 38847 | 12(04-0515) |
| 06/13/05 | 05-3-289 | 38856 | 12(04-0617) |
| 06/13/05 | 05-3-290 | 38857 | 12(04-0406) |
| 06/15/05 | 05-3-294 | 38861 | 12(04-0616) |



# Brotherhood of Maintenance of Way Employes Division
## of the International Brotherhood of Teamsters

Freddie N. Simpson
*President*

Perry K. Geller, Sr.
*Secretary-Treasurer*

August 31, 2006

Mr. J. H. Wilson
Director Labor Relations
CSX Transportation, Inc.
500 Water Street (J455)
Jacksonville, FL  32202

Dear Mr. Wilson:

This is in response to your letter dated August 14, 2006 seeking to establish a special board of adjustment to hear fifty contracting out cases that are pending at the NRAB and have been so for more than twelve months. These fifty cases include ten cases to which Arbitrator Donald Cohen has been appointed to sit with the Third Division and make awards. Please be advised that I have been designated by BMWED as its member of the proposed special board of adjustment.

While your letter purports to seek the establishment of a special board of adjustment under the provisions of Section 3 Second of the RLA, it is clear that your request is in conflict with both the black letter and purpose of the Act. Indeed, it is transparently clear that your request is just another chapter in CSXT's long running efforts to delay the prompt and orderly settlement of the hundreds of contracting out disputes that are now pending between CSXT and BMWED at the NRAB and elsewhere. In 2002 CSXT opposed the assignment of seven arbitrators under Section 3 First (l) to resolve forty-three contracting out cases that had been pending at the NRAB for more than a year. CSXT next sued the NMB to prevent imposition of an expedited arbitration procedure that would have promptly resolved over 300 contracting out cases that had been pending on public law boards for over a year. Although BMWED concurred that the NMB had no legal right to compel the expedited procedure, BMWED agreed to voluntarily participate in such a procedure, but CSXT refused.

As a result of CSXT's foot dragging, hundreds of cases became backlogged at the NRAB where CSXT's representatives delayed their resolution by refusing to timely schedule hearings before arbitrators. Literally hundreds of CSXT contracting out cases that were fully briefed lay dormant at the NRAB for two or three year periods because CSXT's representatives at the Board refused to timely appoint arbitrators and schedule hearings. Then, when BMWED requested the appointment of arbitrators under Section 3 First (l), CSXT opposed the appointment of such arbitrators. And, when Arbitrators Wallin, Klein and Cohen were appointed over CSXT's objections, CSXT continued its efforts to stymie the prompt and orderly resolution of these dis-

150 S. Wacker Drive, Suite 300
Chicago, IL 60606-4101
Telephone 312.630.9328     Facsimile 312.630.9438
www.bmwe.org

Mr. J. H. Wilson
August 31, 2006
Page Two

putes by challenging the right of the arbitrators to set hearing dates and improperly seeking the recusal of two of them.

It is clear that your August 14th letter is nothing but a continuation of CSXT's long running efforts to delay the prompt and orderly resolution of these disputes and will contribute to the growing backlog rather than helping to resolve it. Your attempt to withdraw the ten cases to which Arbitrator Cohen was assigned is clearly in violation of the RLA. Arbitrator Cohen was appointed pursuant to Section 3 First (l) to sit with the Third Division as a member thereof and "make an award" on each of these ten cases. Withdrawing these cases from him would clearly prevent him from executing this statutory mandate. Moreover, the clear purpose of Section 3 Second is to expedite the resolution of disputes and withdrawing these particular cases from the NRAB will obviously not achieve that end, particularly when Arbitrator Cohen had already set a date of August 23, 2006 to hear these cases. In short, CSXT has no right to unilaterally withdraw cases already assigned to an arbitrator pursuant to Section 3 First (l) and BMWED will not agree to withdraw these ten cases from the NRAB.

With respect to the remaining forty cases you seek to withdraw from the NRAB, it is obvious that CSXT is not only attempting to further delay resolution of these cases, but is also attempting to mend its hold and "cherry pick", none of which is consistent with the purpose of Section 3 Second. Your proposal to hear ten cases every other month is an obvious foot dragging tactic because all of these cases are fully briefed and ready for oral argument. Arbitrators at the NRAB customarily receive dockets of 20 to 25 cases which are heard over one or two days and there is no reason why the proposed special board could not hear at least 20 cases per month by scheduling one or two hearing days per month. At this rate, we may actually begin to reduce the backlog. On the other hand, at the rate of ten cases heard every other month that you are proposing, the current backlog would grow larger each month rather than being reduced in a prompt and orderly manner. Likewise, we oppose CSXT's efforts to mend its hold by presenting supplemental briefs. Pursuant to NRAB rules, the records in these cases have long ago been closed and the briefs (literally hundreds of pages) have been filed. The purpose of Section 3 Second is to expedite case handling, not to allow parties to end run the procedural rules of the NRAB. Your proposal would not only end run the NRAB procedures, but conflict with the parties' own customary practice of using the NRAB submissions when cases have been withdrawn from the NRAB for handling on special boards of adjustment.

Finally, a review of the forty cases in question listed on Attachment "A" shows that they were not taken in the order they were filed at the NRAB, but instead cherry picked from among the 170 oldest CSXT contracting cases filed at the NRAB. This cherry picking is not only inconsistent with the purposes of Section 3 Second, but in direct conflict with the parties' own

Mr. J. H. Wilson
August 31, 2006
Page Three

prior practice that when cases were withdrawn from the NRAB for handling on a special board of adjustment, the cases were handled on the special board in the order they were filed at the NRAB. In fact, it was CSXT that vigorously insisted that such cases be handled in the date of NRAB filing order in the past.

In order to remedy CSXT's cherry picking efforts, as well as to proceed fairly and remain consistent with our prior practices, BMWED hereby requests that the 170 contracting out cases listed on Attachment "A" to this letter be withdrawn from the NRAB and handled on the special board of adjustment that CSXT has proposed to establish pursuant to Section 3 Second in its letter dated August 14, 2006. These 170 cases include the cases listed on Attachment "A" to your August 14th letter (excluding the ten cases assigned to Arbitrator Cohen), as well as 130 additional cases necessary to ensure that all cases handled by this board are heard in date of NRAB filing order.

I have also attached a proposed special board of adjustment agreement as Attachment "B". This proposed agreement substantially tracks the language of prior agreements the parties have used for handling contracting out cases withdrawn from the NRAB, with the exception that I attempted to incorporate the three Neutral Panel you have proposed.

I will be in my office and available to discuss the finalization of an agreement to establish this special board all of next week. I look forward to hearing from you.

Sincerely,

Steven V. Powers
Director of Arbitration

Attachments

cc:    Mr. Roy Robinson, Labor Member, Third Div., NRAB
       Mr. Mike Lesnik, Carrier Member, Third Div., NRAB
       Mr. Roland Watkins
       Mr. Donald W. Cohen

# ATTACHMENT "A"

| Case# | NRAB Sub Code | NRAB Case | NRAB Docket | BMWED Chicago # | BMWED File # | Carrier GC File # | Claimant(s) |
|---|---|---|---|---|---|---|---|
| 1 | 177:Scope | 04-3-268 | 38332 | 13811/13 | G38602303 | 12(03-0436) | BOLTON B. ETAL |
| 2 | 177:Scope | 04-3-270 | 38334 | 13813/13 | G31802903 | 12(03-0341) | HARLOW J. ETAL |
| 3 | 177:Scope | 04-3-272 | 38335 | 13815/13 | A01601703 | 12(03-0423) | DETER R. ETAL |
| 4 | 177:Scope | 04-3-273 | 38336 | 13816/13 | A01243803 | 12(03-0383) | DETER R. ETAL |
| 5 | 177:Scope | 04-3-278 | 38339 | 13820/13 | H44400803 | 12(03-0362) | WEAVER M. ETAL |
| 6 | 177:Scope | 04-3-279 | 38340 | 13821/13 | G31806103 G31805903 | 12(03-0520) 12(03-0539) | MCCULLEY C. ETAL |
| 7 | 177:Scope | 04-3-280 | 38341 | 13822/13 | I59715403 | 12(03-0350) | CORBIN D. ETAL |
| 8 | 177:Scope | 04-3-281 | 38342 | 13823/13 | G31804203 | 12(03-0438) | DOWNEY E. ETAL |
| 9 | 177:Scope | 04-3-282 | 38343 | 13824/13 | I162602003 | 12(03-0439) | RICH F. |
| 10 | 177:Scope | 04-3-283 | 38344 | 13825/13 | G31801903 | 12(03-0360) | DOWNEY E. ETAL |
| 11 | 177:Scope | 04-3-286 | 38346 | 13828/13 | G25543503 | 12(03-0327) | FERGUSON J. ETAL |
| 12 | 177:Scope | 04-3-287 | 38347 | 13829/13 | G31804603 | 12(03-0529) | PLECKER T. ETAL |
| 13 | 177:Scope | 04-3-288 | 38348 | 13830/13 | I62601903 | 12(03-0433) | PROFFITT J. ETAL |
| 14 | 177:Scope | 04-3-289 | 38349 | 13831/51 | | 12(03-0549) | CHAMPA K. ETAL |
| 15 | 177:Scope | 04-3-290 | 38350 | 13832/13 | A04542602 | 12(03-0144) | YOUNKIN R. |
| 16 | 177:Scope | 04-3-291 | 38351 | 13833/13 | B17401003 | 12(03-0437) | CURLINGS C. |
| 17 | 177:Scope | 04-3-292 | 38352 | 13834/13 | I59715903 | 12(03-0429) | CORBIN D. ETAL |
| 18 | 177:Scope | 04-3-293 | 38353 | 13835/13 | I60716303 | 12(03-0431) | CULBREATH R. ETAL |
| 19 | 177:Scope | 04-3-294 | 38354 | 13836/13 | B11714603 | 12(03-0344) | SKINNER B. ETAL |
| 20 | 177:Scope | 04-3-271 | 38355 | 13814/13 | I62602103 | 12(03-0440) | MEREDITH L. |
| 21 | 177:Scope | 04-3-358 | 38398 | 13882/51 | | 12(03-0498) | KOVITS F. ETAL |

| Case# | NMB Sub Code | NRAB Case | NRAB Docket | BMWED Chicago # | BMWED GC File # | Carrier File # | Claimant(s) |
|---|---|---|---|---|---|---|---|
| 22 | 177:Scope | 04-3-359 | 38399 | 13883/51 | | 12(03-0552) | LACAVERA S. ETAL |
| 23 | 177:Scope | 04-3-360 | 38400 | 13884/51 | | 12(03-0304) | MOAK W. ETAL |
| 24 | 177:Scope | 04-3-372 | 38417 | 13888/51 | | 12(03-0414) | EGY A. |
| 25 | 177:Scope | 04-3-373 | 38418 | 13889/51 | | 12(03-0303) | HAM T. ETAL |
| 26 | 177:Scope | 04-3-374 | 38419 | 13890/51 | | 12(03-0418) | GATLEY R. ETAL |
| 27 | 177:Scope | 04-3-375 | 38420 | 13891/51 | | 12(03-0415) | EGY A. |
| 28 | 177:Scope | 04-3-386 | 38428 | 13899/51 | | 12(03-0204) | HOLMES A. ETAL |
| 29 | 177:Scope | 04-3-395 | 38438 | 13904/51 | H44402203 | 12(03-0567) | WEAVER M. ETAL |
| 30 | 177:Scope | 04-3-398 | 38441 | 13907/13 | G27345903 | 12(03-0667) | HARLESS G. ETAL |
| 31 | 177:Scope | 04-3-399 | 38442 | 13908/13 | G27344803 | 12(03-0610) | JOBE R. |
| 32 | 177:Scope | 04-3-402 | 38445 | 13910/13 | G27345203 | 12(03-0643) | ADKINS B. ETAL |
| 33 | 177:Scope | 04-3-404 | 38452 | 13912/13 | G27603903 | 12(03-0588) | JOHNSON D. ETAL |
| 34 | 177:Scope | 04-3-405 | 38453 | 13913/13 | G27344903 | 12(03-0606) | CONNER C. ETAL |
| 35 | 177:Scope | 04-3-407 | 38455 | 13915/13 | H44402603 | 12(03-0592) | WEAVER M. ETAL |
| 36 | 177:Scope | 04-3-408 | 38456 | 13916/13 | B17402703 | 12(03-0647) | WARREN B. ETAL |
| 37 | 177:Scope | 04-3-409 | 38457 | 13917/13 | B17403403 | 12(03-0688) | OLIVER W. ETAL |
| 38 | 177:Scope | 04-3-410 | 38458 | 13918/13 | G33809103 | 12(03-0668) | BROUGHMAN G. |
| 39 | 177:Scope | 04-3-411 | 38459 | 13919/13 | H44403103 | 12(03-0659) | WEAVER M. ETAL |
| 40 | 177:Scope | 04-3-412 | 38460 | 13920/13 | B17403303 | 12(03-0683) | WILDER J. ETAL |
| 41 | 177:Scope | 04-3-413 | 38461 | 13921/13 | G27345503 | 12(03-0642) | BROWNING J. ETAL |
| 42 | 177:Scope | 04-3-418 | 38463 | 13923/13 | I63246103 | 12(03-0692) | SHIRLEY F. ETAL |
| 43 | 177:Scope | 04-3-440 | 38469 | 13933/13 | A05604203 | 12(03-0651) | CARR M. ETAL |

| Case# | NMB Sub Code | NRAB Case | NRAB Docket | BMWED Chicago # | BMWED GC File # | Carrier File # | Claimant(s) |
|---|---|---|---|---|---|---|---|
| 44 | 177:Scope | 04-3-447 | 38471 | 13936/13 | A01344403 | 12(03-0607) | SLIVER M. ETAL |
| 45 | 177:Scope | 04-3-454 | 38483 | 13942/13 | A01345803 | 12(03-0700) | SLIVER M. ETAL |
| 46 | 177:Scope | 04-3-460 | 38488 | 13947/13 | A02601003 | 12(03-0616) | STOCKWELL R. ETAL |
| 47 | 177:Scope | 04-3-464 | 38491 | 13951/13 | A02808003 | 12(03-0345) | STOCKWELL R. ETAL |
| 48 | 177:Scope | 04-3-467 | 38492 | 13954/13 | G29348103 | 12(03-0852) | NAPPER HARRY |
| 49 | 177:Scope | 04-3-468 | 38493 | 13955/13 | A05808503 | 12(03-0658) | CARR M. ETAL |
| 50 | 177:Scope | 04-3-469 | 38494 | 13956/13 | G31810603 | 12(03-0777) | DOWNEY E. ETAL |
| 51 | 177:Scope | 04-3-470 | 38495 | 13957/13 | H44402903 | 12(03-0723) | WEAVER M. ETAL |
| 52 | 177:Scope | 04-3-471 | 38496 | 13958/13 | I47246803 | 12(03-0823) | WADE M. ETAL |
| 53 | 177:Scope | 04-3-482 | 38497 | 13968/13 | G29350803 | 12(03-0949) | GIBSON S. ETAL |
| 54 | 177:Scope | 04-3-483 | 38498 | 13969/13 | I60720603 | 12(03-0769) | JOHNS R. ETAL |
| 55 | 177:Scope | 04-3-490 | 38499 | 13974/13 | G29349303 | 12(03-0938) | FAIRCHILD P. ETAL |
| 56 | 177:Scope | 04-3-491 | 38500 | 13975/13 | G29351103 | 12(03-0946) | GIBSON S. ETAL |
| 57 | 177:Scope | 04-3-492 | 38514 | 13976/13 | H44405803 | 12(03-0972) | HUMES R. ETAL |
| 58 | 177:Scope | 04-3-499 | 38517 | 13980/51 | | 12(03-0211) | STORM-BETTS S. |
| 59 | 177:Scope | 04-3-500 | 38518 | 13981/51 | | 12(03-0598) | KOVITS F. ETAL |
| 60 | 177:Scope | 04-3-502 | 38520 | 13983/51 | | 12(03-0596) | GREENOUGH A. ETAL |
| 61 | 177:Scope | 04-3-504 | 38522 | 13985/51 | | 12(03-0702) | SPADACCINI P. ETAL |
| 62 | 177:Scope | 04-3-515 | 38528 | 13994/13 | G31811303 | 12(03-0821) | BROUGHMAN G. ETAL |
| 63 | 177:Scope | 04-3-516 | 38529 | 13995/13 | A01348003 | 12(03-0865) | HENRY J. ETAL |
| 64 | 177:Scope | 04-3-517 | 38530 | 13996/51 | | 12(03-0730) | COLARUSSO A. ETAL |
| 65 | 177:Scope | 04-3-520 | 38532 | 13998/13 | H44405903 | 12(03-0985) | GARZA G. ETAL |

| Case# | NMB Sub Code | NRAB Case | NRAB Docket | EMWBD Chicago # | EMWBD GC File # | Carrier File # | Claimant(s) |
|---|---|---|---|---|---|---|---|
| 66 | 177:Scope | 04-3-521 | 38533 | 13999/13 | G29350203 | 12(03-0937) | WALLEN CHARLES |
| 67 | 177:Scope | 04-3-522 | 38534 | 14000/13 | H4440403 | 12(03-0775) | WEAVER M. ETAL |
| 68 | 177:Scope | 04-3-528 | 38535 | 14005/13 | H4440403 | 12(03-0826) | WEAVER M. ETAL |
| 69 | 177:Scope | 04-3-529 | 38536 | 14006/13 | G31812403 | 12(03-0969) | WILLIAMS P. |
| 70 | 177:Scope | 04-3-530 | 38537 | 14007/13 | G27351403 | 12(03-0760) | HARLESS G. ETAL |
| 71 | 177:Scope | 04-3-531 | 38538 | 14008/13 | H4440503 | 12(03-0771) | WEAVER M. ETAL |
| 72 | 177:Scope | 04-3-532 | 38539 | 14009/13 | G33810803 | 12(03-0772) | WILLIAMS P. |
| 73 | 177:Scope | 04-3-533 | 38540 | 14010/13 | G33810903 | 12(03-0935) | WILLIAMS P. |
| 74 | 177:Scope | 04-3-548 | 38551 | 14019/51 | G33813603 | 12(04-0042) | RAGLAND K. ETAL |
| 75 | 177:Scope | 04-3-549 | 38552 | 14020/51 | | 12(03-0870) | KOVITS P. ETAL |
| 76 | 177:Scope | 04-3-550 | 38553 | 14021/51 | | 12(04-0088) | KILLIAN J. ETAL |
| 77 | 177:Scope | 04-3-576 | 38567 | 14035/51 | | 12(03-1022) | BENINATI J. ETAL |
| 78 | 177:Scope | 04-3-578 | 38568 | 14037/51 | | 12(03-0911) | SPIKE C. ETAL |
| 79 | 177:Scope | 04-3-579 | 38569 | 14038/51 | | 12(04-0043) | KOVITS P. ETAL |
| 80 | 177:Scope | 04-3-580 | 38570 | 14039/51 | | 12(03-0955) | DEFEDERICIS R. ETAL |
| 81 | 177:Scope | 04-3-581 | 38571 | 14040/51 | | 12(03-0727) 12(04-0089) 12(03-0962) 12(04-0089) 12(04-0089) | KOVITS P. ETAL CHAMPA K. ETAL |
| 82 | 177:Scope | 04-3-586 | 38575 | 14041/51 | | 12(03-1013) 12(03-1015) | COLARUSSO A. ETAL |
| 83 | 177:Scope | 04-3-587 | 38576 | 14042/51 | | 12(03-1010) | DEFEDERICIS R. ETAL |
| 84 | 177:Scope | 04-3-588 | 38577 | 14043/51 | | 12(04-0040) | MAGES L. ETAL |

| Case# | NMB Sub Code | NRAB Case | NRAB Docket | BMWED Chicago # | BMWED GC File # | Carrier File # | Claimant(s) |
|---|---|---|---|---|---|---|---|
| 85 | 177:Scope | 04-3-589 | 38578 | 14044/51 | | 12(03-0726) | COLARUSSO A. ETAL |
| 86 | 177:Scope | 04-3-611 | 38582 | 14053/51 | | 12(03-0906) | KEMP W. ETAL |
| 87 | 177:Scope | 04-3-613 | 38583 | 14055/51 | | 12(03-0904) | BENNETTI R. ETAL |
| 88 | 177:Scope | 05-3-24 | 38648 | 14102/55 | 03-156 | 12(03-1003) | TURNER J. ETAL |
| 89 | 177:Scope | 05-3-26 | 38650 | 14104/55 | 03-159 | 12(03-1008) | TURNER J. ETAL |
| 90 | 177:Scope | 05-3-54 | 38662 | 14117/55 | 03-099 | 12(03-0707) | WILLIAMS J. ETAL |
| 91 | 177:Scope | 05-3-70 | 38687 | 14131/13 | G38605003 | 12(04-0106) | PAYNE B. ETAL |
| 92 | 177:Scope | 05-3-71 | 38688 | 14132/13 | G31819503 | 12(04-0135) | GORDAN R. ETAL |
| 93 | 177:Scope | 05-3-72 | 38689 | 14133/59 | | 12(04-0248) | BRENNER R. ETAL |
| 94 | 177:Scope | 05-3-73 | 38690 | 14134/59 | | 12(04-0248) | BRENNER R. ETAL |
| 95 | 177:Scope | 05-3-76 | 38691 | 14137/13 | I63249903 | 12(04-0249) | JOHNSON G. ETAL |
| 96 | 177:Scope | 05-3-81 | 38692 | 14141/13 | I58724103 | 12(04-0068) | ALLEN R. ETAL |
| 97 | 177:Scope | 05-3-82 | 38693 | 14142/13 | B17408103 | 12(04-0079) | MOSES B. ETAL |
| 98 | 177:Scope | 05-3-83 | 38694 | 14143/13 | I56723003 | 12(04-0192) | HAMPTON D. ETAL |
| 99 | 177:Scope | 05-3-84 | 38695 | 14144/13 | A05818403 | 12(04-0014) | GLOYD D. |
| 100 | 177:Scope | 05-3-103 | 38699 | 14153/13 | I46252103 | 12(04-0104) | POWELL D. |
| 101 | 177:Scope | 05-3-106 | 38701 | 14154/13 | H44251203 | 12(04-0285) | GRIFFITH T. ETAL |
| 102 | 177:Scope | 05-3-107 | 38702 | 14155/13 | B17408203 | 12(04-0148) | MOSES B. ETAL |
| 103 | 177:Scope | 05-3-108 | 38703 | 14156/13 | B13407203 | 12(04-0190) | FARMER M. ETAL |
| 104 | 177:Scope | 05-3-109 | 38704 | 14157/13 | H44407003 | 12(04-0119) | GARZA G. ETAL |
| 105 | 177:Scope | 05-3-110 | 38705 | 14158/13 | H44407803 | 12(04-0101) | HUMES R. ETL |
| 106 | 177:Scope | 05-3-112 | 38706 | 14160/13 | B17408303 | 12(04-0170) | DREW R. ETAL |

| Case# | NMB Sub Code | NRAB Case | NRAB Docket | BMWED Chicago # | BMWED GC File # | Carrier File # | Claimant(s) |
|---|---|---|---|---|---|---|---|
| 107 | 177:Scope | 05-3-113 | 38707 | 14161/13 | I60724703 | 12(04-0105) | CORBIN   D. ETAL |
| 108 | 177:Scope | 05-3-115 | 38708 | 14163/13 | H44353203 | 12(04-0076) | THOMPSON   A. ETAL |
| 109 | 177:Scope | 05-3-119 | 38711 | 14167/13 | G29351703 | 12(04-0009) | GIBSON   S. ETAL |
| 110 | 177:Scope | 05-3-121 | 38713 | 14169/13 | A01352803 | 12(04-0075) | SILVER   M. ETAL |
| 111 | 177:Scope | 05-3-122 | 38714 | 14170/13 | I63251703 | 12(04-0262) | JOHNSON   G. ETAL |
| 112 | 177:Scope | 05-3-123 | 38715 | 14171/13 | I58725003 | 12(04-0118) | WILLIAMS   W. ETAL |
| 113 | 177:Scope | 05-3-126 | 38726 | 14173/13 | E22900203 | 12(04-0167) | GANG 5X55   . |
| 114 | 177:Scope | 05-3-127 | 38727 | 14174/13 | G38604803 | 12(04-0099) | HENDRICKSON B. ETAL |
| 115 | 177:Scope | 05-3-128 | 38728 | 14175/13 | I56725403 | 12(04-0168) | HAMPTON   D. ETAL |
| 116 | 177:Scope | 05-3-129 | 38729 | 14176/13 | G31818303 | 12(04-0082) | DOWNEY   B. ETAL |
| 117 | 177:Scope | 05-3-130 | 38730 | 14177/13 | H44250303 12(04-0098) | 12(04-0137) | GRIFFITH   T. ETAL |
|  |  |  |  |  | H44251103 |  |  |
| 118 | 177:Scope | 05-3-150 | 38739 | 14189/13 |  | 12(04-0211) | BEASLEY   D. ETAL |
| 119 | 177:Scope | 05-3-151 | 38740 | 14190/13 |  | 12(04-0242) | MYERS   D. ETAL |
| 120 | 177:Scope | 05-3-152 | 38741 | 14191/13 |  | 12(04-0328) | ROSARIO   J. ETAL |
| 121 | 177:Scope | 05-3-153 | 38742 | 14192/13 |  | 12(04-0240) | LEMMON   G. ETAL |
| 122 | 177:Scope | 05-3-163 | 38755 | 14198/13 |  | 12(04-0327) | ROSARIO   J. ETAL |
| 123 | 177:Scope | 05-3-164 | 38756 | 14199/13 |  | 12(04-0241) | LEMMON   G. ETAL |
| 124 | 177:Scope | 05-3-165 | 38757 | 14200/13 |  | 12(04-0128) | DORAZIO   J. ETAL |
| 125 | 177:Scope | 05-3-166 | 38758 | 14201/13 |  | 12(04-0243) | SANDER   R. ETAL |
| 126 | 177:Scope | 05-3-170 | 38759 | 14203/13 |  | 12(04-0307) | WENZEL   S. |
| 127 | 177:Scope | 05-3-171 | 38760 | 14204/13 |  | 12(04-0354) | MAGES   L. ETAL |

| Case# | NMB Sub Code | NRAB Case | NRAB Docket | BMWED Chicago # | BMWED GC File # | Carrier File # | Claimant(s) |
|---|---|---|---|---|---|---|---|
| 128 | 177:Scope | 05-3-178 | 38763 | 14209/51 | | 12(03-0915) | COLBURN B. ETAL |
| 129 | 177:Scope | 05-3-179 | 38764 | 14210/51 | | | SCOTT D. ETAL |
| 130 | 177:Scope | 05-3-180 | 38765 | 14211/51 | | 12(04-0153) | SCOTT D. ETAL |
| 131 | 177:Scope | 05-3-184 | 38792 | 14213/51 | | 12(04-0252), 12(04-0151), 12(04-0730) | MAGES L. ETAL, LEMMON G. ETAL |
| 132 | 177:Scope | 05-3-185 | 38793 | 14214/51 | | 12(04-0129) | BURROWS R. ETAL |
| 133 | 177:Scope | 05-3-186 | 38794 | 14215/51 | | 12(03-0954), 12(04-0152) | DEFEDERICIS R. ETAL |
| 134 | 177:Scope | 05-3-187 | 38795 | 14216/51 | | | |
| 135 | 177:Scope | 05-3-188 | 38796 | 14217/51 | I48253104 | 12(04-0155) | BENINATI J. ETAL |
| 136 | 177:Scope | 05-3-198 | 38797 | 14222/51 | | 12(04-0345) | MOLENHOUR J. ETAL |
| 137 | 177:Scope | 05-3-199 | 38798 | 14223/13 | D21362504 | 12(04-0253) | MAGES L. ETAL |
| 138 | 177:Scope | 05-3-203 | 38799 | 14227/13 | B17401404 | 12(04-0422) | ADKINS T. ETAL |
| 139 | 177:Scope | 05-3-210 | 38800 | 14232/13 | H44251803, H43256104, H44251604, H43256604 | 12(04-0455), 12(04-0217), 12(04-0393), 12(04-0458), 12(04-0553) | DAVIS N. ETAL, GRIFFITH T. ETAL |
| 140 | 177:Scope | 05-3-220 | 38801 | 14235/13 | I58700604, G24357504, G24357604 | | |
| 141 | 177:Scope | 05-3-221 | 38810 | 14236/13 | | 12(04-0383), 12(04-0418), 12(04-0421) | ALLEN R. ETAL, FRIEND R. ETAL |
| 142 | 177:Scope | 05-3-222 | 38811 | 14237/13 | B17401304 | 12(04-0469) | MOSES B. ETAL |
| 143 | 177:Scope | 05-3-238 | 38818 | 14246/13 | B15701304 | 12(04-0478) | MOSES B. ETAL |
| 144 | 177:Scope | 05-3-239 | 38819 | 14247/13 | B13703904 | 12(04-0564) | WILSON C. ETAL |

| Case# | NMB Sub Code | NRAB Case | NRAB Docket | BMWED Chicago # | BMWED GC File # | Carrier File # | Claimant(s) |
|---|---|---|---|---|---|---|---|
| 145 | 177:Scope | 05-3-240 | 38820 | 14248/13 | A01824004 | 12(04-0452) | CARR M. ETAL |
| 146 | 177:Scope | 05-3-241 | 38821 | 14249/13 | B14129904 | 12(04-0523) | WITHERSPOON L. ETAL |
| 147 | 177:Scope | 05-3-244 | 38822 | 14251/13 | B17401604 | 12(04-0535) | KETCHUM S. ETAL |
| 148 | 177:Scope | 05-3-245 | 38823 | 14252/13 | I58700704 | 12(04-0384) | MCBRIDE J. ETAL |
| 149 | 177:Scope | 05-3-246 | 38824 | 14253/13 | B09129704 | 12(04-0524) | GARNER E. ETAL |
| 150 | 177:Scope | 05-3-247 | 38825 | 14254/13 | B10704304 | 12(04-0566) | LE SHURE R. ETAL |
| 151 | 177:Scope | 05-3-250 | 38826 | 14257/13 | B13900503 | 12(04-0218) | SEARS P. JR ETAL |
| 152 | 177:Scope | 05-3-251 | 38827 | 14258/13 | B17401504 | 12(04-0533) | WARREN B. ETAL |
| 153 | 177:Scope | 05-3-252 | 38828 | 14259/13 | H40254304 | 12(04-0453) | HRRRERA J. ETAL |
| 154 | 177:Scope | 05-3-261 | 38832 | 14268/13 | B14701504 | 12(04-0477) | FARMER M. ETAL |
| 155 | 177:Scope | 05-3-276 | 38844 | 14283/51 | | 12(04-0670) | DEWS J. |
| 156 | 177:Scope | 05-3-277 | 38845 | 14284/51 | | 12(04-0706) | EGY A. |
| 157 | 177:Scope | 05-3-278 | 38846 | 14285/51 | | 12(04-0404) | SCIBILIA B. ETAL |
| 158 | 177:Scope | 05-3-279 | 38847 | 14286/51 | | 12(04-0515) | SCIBILIA B. ETAL |
| 159 | 177:Scope | 05-3-289 | 38856 | 14291/51 | | 12(04-0617) | ROSARIO J. |
| 160 | 177:Scope | 05-3-290 | 38857 | 14292/51 | | 12(04-0617) | ROSARIO F. ETAL |
| 161 | 177:Scope | 05-3-294 | 38861 | 14295/51 | | 12(04-0406) | SCIBILIA B. ETAL |
| 162 | 177:Scope | 05-3-305 | 38869 | 14298/51 | | 12(04-0616) | TWISS J. |
| 163 | 177:Scope | 05-3-307 | 38870 | 14300/51 | | 12(04-0738) | ZINNI R. ETAL |
| 164 | 177:Scope | 05-3-308 | 38871 | 14301/51 | | 12(04-0737) | CHAMPA K. ETAL |
| 165 | 177:Scope | 05-3-306 | 38879 | 14299/51 | | 12(04-0495) | SPIKE C. ETAL |
| 166 | 177:Scope | 05-3-322 | 38886 | 14309/13 | A04501704 | 12(04-0832) | JOHNSON J. |

| Case# | NMB Sub Code | NRAB Case | NRAB Docket | BMWED Chicago # | BMWED GC File # | Carrier File # | Claimant(s) |
|-------|--------------|-----------|-------------|-----------------|-----------------|----------------|-------------|
| 167 | 177:Scope | 05-3-324 | 38888 | 14311/13 | I53259404 | 12(04-0783) | WAGNER. S. ETAL |
| 168 | 177:Scope | 05-3-325 | 38889 | 14312/13 | G35640904 | 12(04-0696) | HAYNES A. ETAL |
| 169 | 177:Scope | 05-3-343 | 38902 | 14329/13 | A05501504 | 12(04-0841) | SWARTZ T. |
| 170 | 177:Scope | 05-3-344 | 38903 | 14330/13 | I56708304<br>I56708404 | 12(04-0771)<br>12(04-0772) | BESS N. ETAL |

# ATTACHMENT "B"

AGREEMENT

Between

CSX TRANSPORTATION, INC.

And

BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYES

IT IS AGREED THAT:

1.      There shall be established a Special Board of Adjustment, hereinafter referred to as the "Board", pursuant to the provisions of Section 3, Second of the Railway Labor Act, as amended by Public Law 89-456, to resolve the disputes listed on Attachment "A", which have been transferred from the National Railroad Adjustment Board ("NRAB") pursuant to Section 3, Second of the Railway Labor Act. The Board shall have jurisdiction only over the disputes shown on Attachment "A". No other claims or grievances shall be submitted to the Board except by mutual consent of the parties to this Agreement.

2.      The Board shall not have jurisdiction of disputes growing out of requests for changes in rates of pay, rules and working conditions; nor shall it have the authority to add contractual terms or establish new rules.

3.      The Board shall consist of three (3) members:

        (a)     The Employee Member, appointed by the Organization, shall be
                _____

        (b)     The Carrier Member, appointed by the Carrier, shall be
                _____

        (c)     The Employee and Carrier Members shall promptly attempt to agree to a panel of three separate Neutral Members ("Panel"), who sequentially will rotate service as the Chairman and Neutral Member of the Board. If, within five days after first conferring, the partisan members are unable to agree upon an individual(s) to comprise the Panel, either party may request the National Mediation Board to expeditiously provide a "strike" list of arbitrators who are members of the National Academy of Arbitrators and have no current or former employment relationship with a rail carrier or rail union. Such arbitrators shall be randomly selected from the NMB roster of

- 1 -

arbitrators. The partisan members will choose all or a portion of the Neutrals that will comprise the Panel from the strike list which shall be comprised of nine arbitrators if there is one vacancy, eleven arbitrators if there are two vacancies and fifteen arbitrators if there are three vacancies. The first strike will be determined by a coin toss and the alternative striking shall continue until the number of names remaining is equal to the number of vacancies. In the case of a vacancy on the Board with respect to a Neutral Member, the vacancy shall be filled in the same manner as the original selection.

4.     The partisan members of the Board may be changed from time to time, or at any time, by the respective parties designating them. Should either party designate a new partisan member after the hearing of the disputes but before the rendition of the awards, such awards may be properly executed by such new member and will carry the same force and effect as if the original member had executed the awards.

5.     The compensation and expenses of the Carrier Member shall be borne by the Carrier. The compensation and expenses of the Employee Member shall be borne by the Organization. The compensation and expenses of the Neutral Member shall be set and paid for by the National Mediation Board pursuant to Public Law 89-456.

6.     The Board shall meet at locations as agreed by the partisan members. The Board shall hold its first hearing beginning in first month following the month in which this agreement is executed and hold additional hearings monthly until all cases assigned to the Board have been heard. The dates and times of the monthly hearings shall be determined by the Board, consistent with the availability of the Neutral Member(s) and funding by the NMB. The Neutral Member of monthly hearings shall rotate sequentially among Neutral Members of the Panel except in those instances where the Neutral Member scheduled in the sequence is unavailable in a given month, in which case the parties will skip to the next Neutral Member in the sequence. Any unresolved disputes over scheduling or location of hearings will be determined by the Neutral Member who is next in the sequence to hold monthly hearings. Both parties shall request the NMB to provide adequate funding to hear and decide the disputes assigned to the Board.

7.     The Board shall have jurisdiction limited to the 170 subcontracting cases listed on Attachment "A". Twenty cases shall be heard at each monthly meeting. Disputes will be heard in the order listed in Attachment "A" which is the date of filing order at the NRAB, unless the partisan members agree to a different order. The Board's monthly hearings shall continue until all cases on Attachment "A" are heard. At such hearings the parties may be heard in person by counsel or by other representatives as they may respectively elect.

8.     The record and submissions in the cases transferred from the NRAB will be the record and submissions at the Board. In the event either party asks the arbitrator to allow additional material

to what was submitted to the NRAB, the arbitrator may only allow such material if it is in accordance with NRAB precedent and policy that would permit inclusion of the material submitted after the record is closed.

9.    The Board shall make findings of fact and render awards within sixty (60) calendar days after the close of each hearing. Such findings and awards shall be in writing and copies shall be furnished to each of the parties to the dispute. Such awards shall be final and binding on both parties to the dispute and if in favor of the petitioner, shall direct the other party to comply therewith within thirty (30) days. Each member of the Board shall have one vote and any two members of the Board shall be competent to render an award.

10.    Should it be determined that an additional party and/or another Labor Organization has an interest in a dispute before the Board, the Board shall give notice to such party of the time and date when said dispute will be heard, together with a copy of the claim and a copy of this agreement. Hearing on such disputes shall then be conducted and the representative of such third party or additional Labor Organization may be heard in person, by counsel, or other representatives as they may elect.

11.    In case a dispute arises within ninety (90) days from the issuance of an award involving an interpretation of an award, the Board, upon request of either party, shall interpret the award in light of the dispute.

12.    The Board hereby established shall continue in existence until it has disposed of the disputes submitted to it under this agreement or subsequently submitted by mutual consent of the parties, after which it will cease to exist, except for interpretation of the awards as provided herein.

    This agreement has been made and executed this _____ day of September 2006.

FOR THE ORGANIZATION:                    FOR THE CARRIER:


_____          _____

| Case# | NMB Sub Code | NRAB Case | NRAB Docket | BMWED Chicago # | BMWED GC File # | Carrier File # | Claimant(s) |
|---|---|---|---|---|---|---|---|
| 1 | 177:Scope | 04-3-268 | 38332 | 13811/13 | G38602303 | 12(03-0436) | BOLTON B. ETAL |
| 2 | 177:Scope | 04-3-270 | 38334 | 13813/13 | G31802903 | 12(03-0341) | HARLOW J. ETAL |
| 3 | 177:Scope | 04-3-272 | 38335 | 13815/13 | A01601703 | 12(03-0423) | DETER R. ETAL |
| 4 | 177:Scope | 04-3-273 | 38336 | 13816/13 | A01243803 | 12(03-0383) | DETER R. ETAL |
| 5 | 177:Scope | 04-3-278 | 38339 | 13820/13 | H44100803 | 12(03-0362) | WEAVER M. ETAL |
| 6 | 177:Scope | 04-3-279 | 38340 | 13821/13 | G31806103 G31805903 | 12(03-0520) 12(03-0539) | MCCULLIRY C. ETAL |
| 7 | 177:Scope | 04-3-280 | 38341 | 13822/13 | I59715403 | 12(03-0350) | CORBIN D. ETAL |
| 8 | 177:Scope | 04-3-281 | 38342 | 13823/13 | G31804203 | 12(03-0438) | DOWNEY E. ETAL |
| 9 | 177:Scope | 04-3-282 | 38343 | 13824/13 | I162602003 | 12(03-0439) | RICH F. |
| 10 | 177:Scope | 04-3-283 | 38344 | 13825/13 | G31801903 | 12(03-0360) | DOWNEY E. ETAL |
| 11 | 177:Scope | 04-3-286 | 38346 | 13828/13 | G25543503 | 12(03-0327) | FERGUSON J. ETAL |
| 12 | 177:Scope | 04-3-287 | 38347 | 13829/13 | G31804603 | 12(03-0529) | PLECKER T. ETAL |
| 13 | 177:Scope | 04-3-288 | 38348 | 13830/13 | I62601903 | 12(03-0433) | PROFFITT J. ETAL |
| 14 | 177:Scope | 04-3-289 | 38349 | 13831/51 |  | 12(03-0549) | CHAMPA K. ETAL |
| 15 | 177:Scope | 04-3-290 | 38350 | 13832/13 | A04542602 | 12(03-0144) | YOUNKIN R. |
| 16 | 177:Scope | 04-3-291 | 38351 | 13833/13 | B17401003 | 12(03-0437) | CURLINGS C. |
| 17 | 177:Scope | 04-3-292 | 38352 | 13834/13 | I59715903 | 12(03-0429) | CORBIN D. ETAL |
| 18 | 177:Scope | 04-3-293 | 38353 | 13835/13 | I60716303 | 12(03-0431) | CULBREATH R. ETAL |
| 19 | 177:Scope | 04-3-294 | 38354 | 13836/13 | B11714603 | 12(03-0344) | SKINNER B. ETAL |
| 20 | 177:Scope | 04-3-271 | 38355 | 13814/13 | I62602103 | 12(03-0440) | MEREDITH L. |
| 21 | 177:Scope | 04-3-358 | 38398 | 13882/51 |  | 12(03-0498) | KOVITS F. ETAL |

| Case# | NMB Sub Code | NRAB Case | NRAB Docket # | BMWED Chicago # | BMWED GC File # | Carrier File # | Claimant(s) |
|---|---|---|---|---|---|---|---|
| 22 | 177:Scope | 04-3-359 | 38399 | 13883/51 | | 12(03-0552) | LACAVERA S. ETAL |
| 23 | 177:Scope | 04-3-360 | 38400 | 13884/51 | | 12(03-0304) | MOAK W. ETAL |
| 24 | 177:Scope | 04-3-372 | 38417 | 13888/51 | | 12(03-0414) | EGY A. |
| 25 | 177:Scope | 04-3-373 | 38418 | 13889/51 | | 12(03-0303) | HAM T. ETAL |
| 26 | 177:Scope | 04-3-374 | 38419 | 13890/51 | | 12(03-0418) | GALLEY R. ETAL |
| 27 | 177:Scope | 04-3-375 | 38420 | 13891/51 | | 12(03-0415) | EGY A. |
| 28 | 177:Scope | 04-3-386 | 38428 | 13899/51 | | 12(03-0204) | HOLMES A. ETAL |
| 29 | 177:Scope | 04-3-395 | 38438 | 13904/13 | H44402203 | 12(03-0567) | WEAVER M. ETAL |
| 30 | 177:Scope | 04-3-398 | 38441 | 13907/13 | G27345903 | 12(03-0667) | HARLESS G. ETAL |
| 31 | 177:Scope | 04-3-399 | 38442 | 13908/13 | G27344803 | 12(03-0610) | JOBE R. |
| 32 | 177:Scope | 04-3-402 | 38445 | 13910/13 | G27345203 | 12(03-0643) | ADKINS B. ETAL |
| 33 | 177:Scope | 04-3-404 | 38452 | 13912/13 | G27603903 | 12(03-0588) | JOHNSON D. ETAL |
| 34 | 177:Scope | 04-3-405 | 38453 | 13913/13 | G27344903 | 12(03-0606) | CONNER C. ETAL |
| 35 | 177:Scope | 04-3-407 | 38455 | 13915/13 | H44402603 | 12(03-0592) | WEAVER M. ETAL |
| 36 | 177:Scope | 04-3-408 | 38456 | 13916/13 | B17402703 | 12(03-0647) | WARREN B. ETAL |
| 37 | 177:Scope | 04-3-409 | 38457 | 13917/13 | B17403403 | 12(03-0688) | OLIVER W. ETAL |
| 38 | 177:Scope | 04-3-410 | 38458 | 13918/13 | G33809103 | 12(03-0668) | BROUGHMAN G. |
| 39 | 177:Scope | 04-3-411 | 38459 | 13919/13 | H44403103 | 12(03-0659) | WEAVER M. ETAL |
| 40 | 177:Scope | 04-3-412 | 38460 | 13920/13 | B17403303 | 12(03-0683) | WILDER J. ETAL |
| 41 | 177:Scope | 04-3-413 | 38461 | 13921/13 | G27345503 | 12(03-0642) | BROWNING J. ETAL |
| 42 | 177:Scope | 04-3-418 | 38463 | 13923/13 | I63246103 | 12(03-0692) | SHIRLEY F. ETAL |
| 43 | 177:Scope | 04-3-440 | 38469 | 13933/13 | A05604203 | 12(03-0651) | CARR M. ETAL |

| Case# | NMB Sub Code | NRAB Case | NRAB Docket | BMWED Chicago # | BMWED GC File # | Carrier File # | Claimant(s) |
|---|---|---|---|---|---|---|---|
| 44 | 177:Scope | 04-3-447 | 38471 | 13936/13 | A01344403 | 12(03-0607) | SLIVER M. ETAL |
| 45 | 177:Scope | 04-3-454 | 38483 | 13942/13 | A01345803 | 12(03-0700) | SLIVER M. ETAL |
| 46 | 177:Scope | 04-3-460 | 38488 | 13947/13 | A02601003 | 12(03-0616) | STOCKWELL R. ETAL |
| 47 | 177:Scope | 04-3-464 | 38491 | 13951/13 | A02808003 | 12(03-0345) | STOCKWELL R. ETAL |
| 48 | 177:Scope | 04-3-467 | 38492 | 13954/13 | G29348103 | 12(03-0852) | NAPPER HARRY |
| 49 | 177:Scope | 04-3-468 | 38493 | 13955/13 | A05808503 | 12(03-0658) | CARR M. ETAL |
| 50 | 177:Scope | 04-3-469 | 38494 | 13956/13 | G31810603 | 12(03-0777) | DOWNEY E. ETAL |
| 51 | 177:Scope | 04-3-470 | 38495 | 13957/13 | H44402903 | 12(03-0723) | WEAVER M. ETAL |
| 52 | 177:Scope | 04-3-471 | 38496 | 13958/13 | I47246803 | 12(03-0823) | WADE M. ETAL |
| 53 | 177:Scope | 04-3-482 | 38497 | 13968/13 | G29350803 | 12(03-0949) | GIBSON S. ETAL |
| 54 | 177:Scope | 04-3-483 | 38498 | 13969/13 | I60720603 | 12(03-0769) | JOHNS R. ETAL |
| 55 | 177:Scope | 04-3-490 | 38499 | 13974/13 | G29349303 | 12(03-0938) | FAIRCHILD P. ETAL |
| 56 | 177:Scope | 04-3-491 | 38500 | 13975/13 | G29351103 | 12(03-0946) | GIBSON S. ETAL |
| 57 | 177:Scope | 04-3-492 | 38514 | 13976/13 | H44405803 | 12(03-0972) | HUMES R. ETAL |
| 58 | 177:Scope | 04-3-499 | 38517 | 13980/51 | | 12(03-0211) | STORM-BETTS S. |
| 59 | 177:Scope | 04-3-500 | 38518 | 13981/51 | | 12(03-0598) | KOVITS F. |
| 60 | 177:Scope | 04-3-502 | 38520 | 13983/51 | | 12(03-0596) | GREENOUGH A. ETAL |
| 61 | 177:Scope | 04-3-504 | 38522 | 13985/51 | | 12(03-0702) | SPADACCINI P. ETAL |
| 62 | 177:Scope | 04-3-515 | 38528 | 13994/13 | G31811303 | 12(03-0821) | BROUGHMAN G. ETAL |
| 63 | 177:Scope | 04-3-516 | 38529 | 13995/13 | A01348003 | 12(03-0865) | HENRY J. ETAL |
| 64 | 177:Scope | 04-3-517 | 38530 | 13996/13 | | 12(03-0730) | COLARUSSO A. ETAL |
| 65 | 177:Scope | 04-3-520 | 38532 | 13998/13 | H44405903 | 12(03-0985) | GARZA G. ETAL |

| Case# | NRAB Sub Code | NRAB Case | NRAB Docket | BMWED Chicago # | BMWED GC File # | Carrier File # | Claimant(s) |
|---|---|---|---|---|---|---|---|
| 66 | 177:Scope | 04-3-521 | 38533 | 13999/13 | G29350203 | 12(03-0937) | WALLEN  CHARLES |
| 67 | 177:Scope | 04-3-522 | 38534 | 14000/13 | H44404403 | 12(03-0775) | WEAVER  M. ETAL |
| 68 | 177:Scope | 04-3-528 | 38535 | 14005/13 | H44404403 | 12(03-0826) | WILLIAMS  P. |
| 69 | 177:Scope | 04-3-529 | 38536 | 14006/13 | G31812403 | 12(03-0969) | WILLIAMS  P. |
| 70 | 177:Scope | 04-3-530 | 38537 | 14007/13 | G27351403 | 12(03-0760) | HARLESS  G. ETAL |
| 71 | 177:Scope | 04-3-531 | 38538 | 14008/13 | H44404503 | 12(03-0771) | WEAVER  M. ETAL |
| 72 | 177:Scope | 04-3-532 | 38539 | 14009/13 | G33810803 | 12(03-0772) | WILLIAMS  P. |
| 73 | 177:Scope | 04-3-533 | 38540 | 14010/13 | G33810903 | 12(03-0935) | WILLIAMS  P. |
| 74 | 177:Scope | 04-3-548 | 38551 | 14019/13  G33813603 | | 12(04-0042) | RAGLAND  K. ETAL |
| 75 | 177:Scope | 04-3-549 | 38552 | 14020/51 | | 12(04-0042) | KOVITS  F. ETAL |
| 76 | 177:Scope | 04-3-550 | 38553 | 14021/51 | | 12(03-0870) | KILLIAN  J. ETAL |
| 77 | 177:Scope | 04-3-576 | 38567 | 14035/51 | | 12(04-0088) | BENINATI  J. ETAL |
| 78 | 177:Scope | 04-3-578 | 38568 | 14037/51 | | 12(03-1022) | SPIKE  C. ETAL |
| 79 | 177:Scope | 04-3-579 | 38569 | 14038/51 | | 12(03-0911) | KOVITS  F. ETAL |
| 80 | 177:Scope | 04-3-580 | 38570 | 14039/51 | | 12(03-0955) | DEFEDERICKS R. ETAL |
| 81 | 177:Scope | 04-3-581 | 38571 | 14040/51 | | 12(04-0043)  12(03-0727) | KOVITS  F. ETAL  CHAMPA  K. ETAL |
| 82 | 177:Scope | 04-3-586 | 38575 | 14041/51 | | 12(04-0089)  12(04-0089)  12(03-0962)  12(04-0089) | SPIKE  C. ETAL  BENINATI  J. ETAL |
| 83 | 177:Scope | 04-3-587 | 38576 | 14042/51 | | 12(03-1013)  12(03-1015) | COLARUSSO  A. ETAL |
| 84 | 177:Scope | 04-3-588 | 38577 | 14043/51 | | 12(03-1010)  12(04-0040) | DEFEDERICKS R. ETAL  MAGES  L. ETAL |

| Case# | NMB Sub Code | NRAB Case | NRAB Docket | BMWED Chicago # | BMWED File # | BMWED GC File # | Carrier File # | Claimant(s) |
|---|---|---|---|---|---|---|---|---|
| 85 | 177:Scope | 04-3-589 | 38578 | 14044/51 | | | 12(03-0726) | COLARUSSO A. ETAL |
| 86 | 177:Scope | 04-3-611 | 38582 | 14053/51 | | | 12(03-0906) | KEMP W. ETAL |
| 87 | 177:Scope | 04-3-613 | 38583 | 14055/51 | | | 12(03-0904) | BENNETTI R. ETAL |
| 88 | 177:Scope | 05-3-24 | 38648 | 14102/55 | 03-156 | | 12(03-1003) | TURNER J. ETAL |
| 89 | 177:Scope | 05-3-26 | 38650 | 14104/55 | 03-159 | | 12(03-1008) | TURNER J. ETAL |
| 90 | 177:Scope | 05-3-54 | 38662 | 14117/55 | 03-099 | | 12(03-0707) | WILLIAMS J. ETAL |
| 91 | 177:Scope | 05-3-70 | 38687 | 14131/13 | | G39605003 | 12(04-0106) | PAYNE B. ETAL |
| 92 | 177:Scope | 05-3-71 | 38688 | 14132/13 | | G31819503 | 12(04-0135) | GORDAN R. ETAL |
| 93 | 177:Scope | 05-3-72 | 38689 | 14133/59 | | | 12(04-0248) | BRENNER R. ETAL |
| 94 | 177:Scope | 05-3-73 | 38690 | 14134/59 | | | 12(04-0249) | BRENNER R. ETAL |
| 95 | 177:Scope | 05-3-76 | 38691 | 14137/13 | | I63249903 | 12(04-0068) | JOHNSON G. ETAL |
| 96 | 177:Scope | 05-3-81 | 38692 | 14141/13 | | I58724103 | 12(04-0079) | ALLEN R. ETAL |
| 97 | 177:Scope | 05-3-82 | 38693 | 14142/13 | | B17408103 | 12(04-0192) | MOSES B. ETAL |
| 98 | 177:Scope | 05-3-83 | 38694 | 14143/13 | | I56723003 | 12(04-0014) | HAMPTON D. ETAL |
| 99 | 177:Scope | 05-3-84 | 38695 | 14144/13 | | A05818403 | 12(04-0104) | GLOYD D. |
| 100 | 177:Scope | 05-3-103 | 38699 | 14153/13 | | I46252103 | 12(04-0285) | POWELL D. |
| 101 | 177:Scope | 05-3-106 | 38701 | 14154/13 | | H44251203 | 12(04-0148) | GRIFFITH T. ETAL |
| 102 | 177:Scope | 05-3-107 | 38702 | 14155/13 | | B17408203 | 12(04-0190) | MOSES B. ETAL |
| 103 | 177:Scope | 05-3-108 | 38703 | 14156/13 | | B13407203 | 12(04-0119) | FARMER M. ETAL |
| 104 | 177:Scope | 05-3-109 | 38704 | 14157/13 | | H44407003 | 12(04-0101) | GARZA G. ETAL |
| 105 | 177:Scope | 05-3-110 | 38705 | 14158/13 | | H44407803 | 12(04-0170) | HUMES R. ETL |
| 106 | 177:Scope | 05-3-112 | 38706 | 14160/13 | | B17408303 | 12(04-0189) | DREW R. ETAL |

| Case# | NMB Sub Code | NRAB Case | NRAB Docket # | BMWED Chicago # | BMWED GC File # | Carrier File # | Claimant(s) |
|---|---|---|---|---|---|---|---|
| 107 | 177:Scope | 05-3-113 | 38707 | 14161/13 | I60724703 | 12(04-0105) | CORBIN D. ETAL |
| 108 | 177:Scope | 05-3-115 | 38708 | 14163/13 | H44353203 | 12(04-0076) | THOMPSON A. ETAL |
| 109 | 177:Scope | 05-3-119 | 38711 | 14167/13 | G29351703 | 12(04-0009) | GIBSON S. ETAL |
| 110 | 177:Scope | 05-3-121 | 38713 | 14169/13 | A01352803 | 12(04-0075) | SILVER M. ETAL |
| 111 | 177:Scope | 05-3-122 | 38714 | 14170/13 | I63251703 | 12(04-0262) | JOHNSON G. ETAL |
| 112 | 177:Scope | 05-3-123 | 38715 | 14171/13 | I58725003 | 12(04-0118) | WILLIAMS W. ETAL |
| 113 | 177:Scope | 05-3-126 | 38726 | 14173/13 | B22900203 | 12(04-0167) | GANG 5X55 , |
| 114 | 177:Scope | 05-3-127 | 38727 | 14174/13 | G38604803 | 12(04-0099) | HENDRICKSON B. ETAL |
| 115 | 177:Scope | 05-3-128 | 38728 | 14175/13 | I56725403 | 12(04-0168) | HAMPTON D. ETAL |
| 116 | 177:Scope | 05-3-129 | 38729 | 14176/13 | G31818303 | 12(04-0082) | DOWNEY E. ETAL |
| 117 | 177:Scope | 05-3-130 | 38730 | 14177/13 | H44250303 H44251103 | 12(04-0098) 12(04-0137) | GRIFFITH T. ETAL |
| 118 | 177:Scope | 05-3-150 | 38739 | 14189/13 |  | 12(04-0211) | BEASLEY D. ETAL |
| 119 | 177:Scope | 05-3-151 | 38740 | 14190/51 |  | 12(04-0242) | MYERS D. ETAL |
| 120 | 177:Scope | 05-3-152 | 38741 | 14191/51 |  | 12(04-0328) | ROSARIO J. ETAL |
| 121 | 177:Scope | 05-3-153 | 38742 | 14192/51 |  | 12(04-0240) | LEMMON G. ETAL |
| 122 | 177:Scope | 05-3-163 | 38755 | 14198/51 |  | 12(04-0327) | ROSARIO J. ETAL |
| 123 | 177:Scope | 05-3-164 | 38756 | 14199/51 |  | 12(04-0241) | LEMMON G. ETAL |
| 124 | 177:Scope | 05-3-165 | 38757 | 14200/51 |  | 12(04-0128) | DORAZIO J. ETAL |
| 125 | 177:Scope | 05-3-166 | 38758 | 14201/51 |  | 12(04-0243) | SANDER R. ETAL |
| 126 | 177:Scope | 05-3-170 | 38759 | 14203/51 |  | 12(04-0307) | WENZEL S. |
| 127 | 177:Scope | 05-3-171 | 38760 | 14204/51 |  | 12(04-0354) | MAGES L. ETAL |

| Case# | NMB Sub Code | NRAB Case | NRAB Docket | BMWED Chicago # | BMWED File # | BMWED GC File # | Carrier File # | Claimant(s) |
|---|---|---|---|---|---|---|---|---|
| 128 | 177:Scope | 05-3-178 | 38763 | 14209/51 | | | 12(03-0915) | COLBURN  E. |
| 129 | 177:Scope | 05-3-179 | 38764 | 14210/51 | | | 12(04-0153) | SCOTT  D. ETAL |
| 130 | 177:Scope | 05-3-180 | 38765 | 14211/51 | | | 12(04-0252) | MAGES  L. ETAL |
| 131 | 177:Scope | 05-3-184 | 38792 | 14213/51 | | | 12(04-0161) 12(04-0730) | LEMMON  G. ETAL |
| 132 | 177:Scope | 05-3-185 | 38793 | 14214/51 | | | 12(04-0129) | |
| 133 | 177:Scope | 05-3-186 | 38794 | 14215/51 | | | 12(03-0954) 12(04-0152) | DEFREDERICIS R. ETAL |
| 134 | 177:Scope | 05-3-187 | 38795 | 14216/51 | | | 12(04-0155) | BENINATI  J. ETAL |
| 135 | 177:Scope | 05-3-188 | 38796 | 14217/13 | | I48253104 | 12(04-0345) | MOLENHOUR  J. ETAL |
| 136 | 177:Scope | 05-3-198 | 38797 | 14222/51 | | | 12(04-0253) | MAGES  L. ETAL |
| 137 | 177:Scope | 05-3-199 | 38798 | 14223/13 | | D21362504 | 12(04-0422) | ADKINS  T. ETAL |
| 138 | 177:Scope | 05-3-203 | 38799 | 14227/13 | | B17401404 | 12(04-0455) | DAVIS  N. ETAL |
| 139 | 177:Scope | 05-3-210 | 38800 | 14232/13 | | H44251803 H44253604 H43256104 H43256604 | 12(04-0217) 12(04-0393) 12(04-0458) 12(04-0553) | GRIFFITH  T. ETAL |
| 140 | 177:Scope | 05-3-220 | 38801 | 14235/13 | | I58700604 | 12(04-0383) | ALLEN  R. ETAL |
| 141 | 177:Scope | 05-3-221 | 38810 | 14236/13 | | G24357504 G24357604 | 12(04-0418) 12(04-0421) | FRIEND  R. ETAL |
| 142 | 177:Scope | 05-3-222 | 38811 | 14237/13 | | B17401304 | 12(04-0469) | MOSES  B. ETAL |
| 143 | 177:Scope | 05-3-238 | 38818 | 14246/13 | | B15701304 | 12(04-0478) | MOSES  B. ETAL |
| 144 | 177:Scope | 05-3-239 | 38819 | 14247/13 | | B13703904 | 12(04-0564) | WILSON  C. ETAL |

| Case# | NMB Sub Code | NRAB Case | NRAB Docket | BMWED Chicago # | BMWED GC File # | Carrier File # | Claimant(s) |
|---|---|---|---|---|---|---|---|
| 145 | 177:Scope | 05-3-240 | 38820 | 14248/13 | A01824004 | 12(04-0452) | CARR M. ETAL |
| 146 | 177:Scope | 05-3-241 | 38821 | 14249/13 | B14129904 | 12(04-0523) | WITHERSPOON L. ETAL |
| 147 | 177:Scope | 05-3-244 | 38822 | 14251/13 | B17401604 | 12(04-0535) | KETCHUM S. ETAL |
| 148 | 177:Scope | 05-3-245 | 38823 | 14252/13 | I58700704 | 12(04-0384) | MCBRIDE J. ETAL |
| 149 | 177:Scope | 05-3-246 | 38824 | 14253/13 | B09129704 | 12(04-0524) | GARNER E. ETAL |
| 150 | 177:Scope | 05-3-247 | 38825 | 14254/13 | B10704304 | 12(04-0566) | LE SHURE R. ETAL |
| 151 | 177:Scope | 05-3-250 | 38826 | 14257/13 | B13900503 | 12(04-0218) | SEARS F. JR ETAL |
| 152 | 177:Scope | 05-3-251 | 38827 | 14258/13 | B17401504 | 12(04-0533) | WARREN B. ETAL |
| 153 | 177:Scope | 05-3-252 | 38828 | 14259/13 | H40254304 | 12(04-0453) | HERRERA J. ETAL |
| 154 | 177:Scope | 05-3-261 | 38832 | 14268/13 | B14701504 | 12(04-0477) | FARMER M. ETAL |
| 155 | 177:Scope | 05-3-276 | 38844 | 14283/13 | | 12(04-0670) | DEWE J. |
| 156 | 177:Scope | 05-3-277 | 38845 | 14284/51 | | 12(04-0706) | EGY A. |
| 157 | 177:Scope | 05-3-278 | 38846 | 14285/51 | | 12(04-0404) | SCIBILIA E. ETAL |
| 158 | 177:Scope | 05-3-279 | 38847 | 14286/51 | | 12(04-0515) | ROSARIO J. |
| 159 | 177:Scope | 05-3-289 | 38856 | 14291/51 | | 12(04-0617) | ROSARIO F. ETAL |
| 160 | 177:Scope | 05-3-290 | 38857 | 14292/51 | | 12(04-0406) | SCIBILIA E. ETAL |
| 161 | 177:Scope | 05-3-294 | 38861 | 14295/51 | | 12(04-0616) | TWISS J. |
| 162 | 177:Scope | 05-3-305 | 38869 | 14298/51 | | 12(04-0738) | ZINNI R. |
| 163 | 177:Scope | 05-3-307 | 38870 | 14300/51 | | 12(04-0737) | CHAMPA K. ETAL |
| 164 | 177:Scope | 05-3-308 | 38871 | 14301/51 | | 12(04-0495) | SPIKE C. ETAL |
| 165 | 177:Scope | 05-3-306 | 38879 | 14299/51 | | 12(04-0739) | LACAVERA S. ETAL |
| 166 | 177:Scope | 05-3-322 | 38886 | 14309/13 | A04501704 | 12(04-0832) | JOHNSON J. |

| Case# | NMB Sub Code | NRAB Case | NRAB Docket | BMWED Chicago # | BMWED File # | BMWED GC Carrier File # | Claimant(s) |
|---|---|---|---|---|---|---|---|
| 167 | 177:Scope | 05-3-324 | 38888 | 14311/13 | 153259404 | 12(04-0783) | WAGNER. S. ETAL |
| 168 | 177:Scope | 05-3-325 | 38889 | 14312/13 | G33640904 | 12(04-0696) | HAYNES A. ETAL |
| 169 | 177:Scope | 05-3-343 | 38902 | 14329/13 | A05501504 | 12(04-0841) | SMARTZ T. |
| 170 | 177:Scope | 05-3-344 | 38903 | 14330/13 | I56708304 I56708404 | 12(04-0771) 12(04-0772) | BRSS N. ETAL |



J. H. Wilson
Director – Labor Relations

Labor Relations Department
500 Water Street, J-455
Jacksonville, FL 32202

October 6, 2006

Mr. S. V. Powers
Assistant to the President
150 S. Wacker Drive, Suite 300
Chicago, IL 60606-4101

Dear Mr. Powers:

I am responding to your letter dated August 31, 2006. Setting aside for the moment your revisionist, and erroneous, recitation of events leading up to CSXT's August 14, 2006 request for a public law board, I am glad to see that the BMWED recognizes its legal obligation to enter into a public law board agreement.

CSXT is not agreeable to the addition of the 170 cases proposed to be listed by the Organization with the PLB. CSXT's proposal is that each party can list up to 50 cases for a total of 100 cases. As it is, 100 cases would be an extraordinary number of cases for the PLB to resolve in a reasonable amount of time. CSXT also disagrees that the listing of the cases for which Arbitrator Cohen had been appointed to sit with the Third Division was unlawful, and it remains CSXT's position that they must be heard by the PLB.

It also remains CSXT's position that supplemental submissions, limited to how the standards for when CSXT can contract out should be applied in light of the Douglas, Goldstein and Wallin Awards, should be allowed. Such submissions will not delay the consideration of the cases listed with the PLB. Indeed, CSXT believes that they will be beneficial to the arbitrators who hear the cases listed with the PLB. Contrary to your contention, supplemental submissions do not end-run or violate any NRAB or other procedures. The procedures for the PLB, including supplemental submissions, are whatever the parties agree upon or what a procedural neutral imposes where the parties cannot agree.

As you know, if we cannot agree on the cases to be listed, supplemental submissions or other matters, the disagreements will have to be submitted to a procedural neutral. Hopefully, when we meet, we can eliminate or narrow any areas of disagreement over the procedures and cases to be heard by the PLB.

I next address your assertions that CSXT's request for a PLB is part of a CSXT strategy to delay consideration of the many contracting out cases that BMWE has progressed to arbitration. Your contentions are, of course, totally baseless.

You state that CSXT in 2002 opposed the assignment of seven arbitrators to resolve 43 contracting out cases. What you omitted to say is that CSXT opposed the

BMWE's request, because the 43 cases had not yet been deadlocked by the carrier and labor member of the NRAB Third Division, which is a statutory prerequisite to the appointment of a an arbitrator pursuant to Section 3, First (l) of the Railway Labor Act. As you know, CSXT and BMWE resolved their disagreements whether those BMWE actions violated the RLA by entering into the March 21, 2002 Letter of Agreement establishing eight public law boards to hear these and additional cases for a total of 61 cases. Later, CSXT agreed to the establishment of 22 more PLB's to hear about 290 cases.

Your contention that CSXT's lawsuit against the NMB's April 7, 2004 order, which purported to abolish the PLB's to which CSXT and BMWED had agreed, was designed to delay consideration of those cases is absurd. As you point out, the BMWED agreed with CSXT that the NMB's action was in excess of its authority under the Railway Labor Act and prejudicial to the parties. The unprecedented procedures proposed by the NMB for the one remaining PLB to resolve about 290 cases had no support in the RLA and was prejudicial to CSXT. It was the NMB's sua sponte action in abolishing these agreed-upon PLB's that delayed the consideration of these cases. As you know, but also neglect to mention, after the District Court overturned the NMB's order as a gross violation of the RLA, CSXT proposed a process to reconference the cases listed with the PLB's that had been abolished by the NMB's order. After initialing resisting CSXT's proposal, BMWED agreed to the reconferencing. This reconferencing lead to the settlement of most of the cases that had been listed with the PLB's. This cooperative effort lead to the resolution of cases much quicker than if they had had to be arbitrated. These were hardly actions designed to delay the resolution of cases.

Your contentions regarding CSXT's opposition to the BMWED's more recent requests for the appointment of neutrals pursuant to Section 3, First (l) of the RLA to sit with the Third Division also do not show a pattern of delay by CSXT. CSXT had legitimate objections to the BMWED's tactics. BMWED was again requesting the appointment of arbitrators to sit with the Third Division, when the requirements of Section 3, First (l) of the RLA have not been met. When the NMB would appoint an arbitrator, the BMWED then demanded that a hearing immediately be scheduled in violation of the case handling procedures of the Third Division. As in 2002, CSXT has a legitimate basis to challenge the BMWED's abuse of well-established arbitration procedures to advance certain of its cases ahead of hundreds of other cases that have been pending at the Third Division far longer than the BMWED-CSXT contracting out cases for which BMWED is seeking preferential treatment. Notwithstanding CSXT's objection that BMWED's tactics are contrary to the RLA and Third Division case handling procedures, CSXT, without prejudice to its position, cooperated in the scheduling of hearings by Arbitrators Wallin and Klein and, in fact, these arbitrators held hearings. CSXT's objections did not hold up either the Wallin or Klein hearings.

As for CSXT's request that Arbitrator Cohen recuse himself, CSXT had good reason to do so, as CSXT had explained elsewhere. Under the Code of Professional Responsibility for Arbitrators of Labor-Management Disputes, Arbitrator Cohen should have disclosed the undisputed fact, but not then disclosed, that he represented the

Teamsters when he was engaged in the private practice of law immediately before becoming an arbitrator. As you are aware, BMWED is part of the Teamsters.

Your contention that CSXT's withdrawal of the so-called Cohen cases violated Section 3, First (l) of the RLA, because an arbitrator had been appointed and a hearing scheduled, is without merit and contrary to law. The express language of Section 3, Second of the RLA allows a carrier or union to withdraw cases that have been pending at the NRAB for 12 months or longer. As you concede, the Cohen cases had been pending at the NRAB for more than 12 months. There is nothing in the statute that provides that a carrier or union loses this right when an arbitrator has been appointed or a hearing scheduled. As you should know given your own arbitration experience, there are many examples where carriers or unions have removed cases to a PLB after an arbitrator had been appointed to sit with the NRAB and after a hearing had been scheduled. In fact, there have been instances when cases have been withdrawn from the NRAB moments before a scheduled hearing was to commence. CSXT would have withdrawn these cases sooner, but was waiting to see if our mutual discussions in early August 2006 would lead to an agreed upon approach for resolving the cases pending at the Third Division. When they did not, and in light of BMWED's continued end-run around Third Division case handling procedures, CSXT went ahead with its own PLB proposal.

Your criticism of "cherry-picking" has to be one of the more cynical contentions of your career. You state that "cherry picking" is not "consistent with the purpose of Section 3, Second." Yet, it was the Organization that first began cherry picking from among the many BMWED-CSXT contracting out cases pending at the Third Division. When the BMWED requested the appointment of an arbitrator pursuant to Section 3, First (l), resulting in the appointment of Arbitrator Wallin, the ten cases for which the BMWED requested an arbitrator were in the order that they had been filed by the BMWED with the NRAB. However, that was not the case for any of the subsequent requests by you for the appointment of an arbitrator to sit with the Third Division. For the ten cases each for which Arbitrator Klein and Cohen were appointed, you selected those cases on bases other than chronological order. And, more recently, in your request dated June 9, 2006, you cherry picked 25 cases on the basis that they all involved welding for which Arbitrator O'Brien was appointed, after the Organization asked Arbitrator Javits to recuse himself.

Hopefully, when we meet in Washington next week we will be able to resolve our differences regarding the Public Law Board Agreement.

Sincerely yours,

Jim H. Wilson

3

cc:     Mr. Mike Lesnik, Carrier Member, Third Div., NRAB
        Mr. Roy Robinson, Carrier Member, Third Div., NRAB
        Mr. Roland Watkins, Director, Arbitration Services, NMB



# Brotherhood of Maintenance of Way Employes Division
## of the International Brotherhood of Teamsters

Freddie N. Simpson
*President*

Perry K. Geller, Sr.
*Secretary-Treasurer*

October 20, 2006

Mr. J. H. Wilson
Director Labor Relations
CSX Transportation, Inc.
500 Water Street (J455)
Jacksonville, FL 32202

Dear Mr. Wilson

This is in response to your letter dated October 6, 2006 and our ongoing discussions concerning the establishment of a Public Law Board to resolve contracting out cases that have been pending at the NRAB for more than one year. Although our discussions are ongoing, we deemed it prudent to respond to your letter not only because many of the points it raises are misleading or false, but because the letter has all the earmarks of record building for some other forum.

At the outset, we disagree that there is anything extraordinary about having a PLB resolve 170 cases or that the Board could not resolve these cases in a reasonable time. You are simply wrong on this point. PLB's frequently resolve hundreds of cases and, with the three neutral panel and hearing schedule we have proposed, all 170 cases would be heard within nine months. In light of the fact that many of these cases have been languishing at the NRAB for more than two years because your NRAB representatives have refused to schedule hearings, completing all of the hearings on a PLB within nine months would represent a significant improvement.

Your complaint about listing 170 cases on the PLB also fails to take into account that many of these cases are conceptually identical to one another and could be quickly disposed of based on lead awards. For example, there are a large number of claims that involve mowing and cutting vegetation and another large number that involve asphalting of road crossings. Similar claims have previously been sustained by Arbitrators Wallin and Goldstein. CSXT should simply pay these claims based on the principle of stare decisis. While we understand that CSXT will not pay the claims because its goal is to frustrate the process and delay resolution as long as possible, we are confident that the three neutral panel on our PLB will be able to quickly resolve these similar claims and other groups of similar claims based on existing precedent or the creation of lead award precedent on issues where none currently exists.

150 S. Wacker Drive, Suite 300
Chicago, IL 60606-4101
Telephone 312.630.9328    Facsimile 312.630.9438
www.bmwe.org

Mr. J. H. Wilson
October 20, 2006
Page Two

Of course, you know perfectly well that we do not agree that the ten cases that are assigned to Arbitrator Cohen at the NRAB should be listed on the PLB. The parties have addressed this matter at length in prior correspondence and we see no need to repeat ourselves here. Suffice it to say that the matter is pending in federal district court which is the appropriate forum to resolve this matter.

We vigorously disagree with your proposal to permit supplemental submissions. This proposal is in direct conflict with both industry-wide practice and practice between CSXT and BMWE that, when cases are withdrawn from the NRAB for handling on a PLB, the parties use only the submissions filed at the NRAB. There are many practical reasons for this practice, with the most obvious being that supplemental submissions would allow parties to end-run NRAB policies and procedures that have been in place for more than half a century by simply withdrawing cases from the NRAB for handling on a PLB any time a party desired to supplement the record in violation of NRAB rules. Moreover, even if BMWED were to consider allowing supplemental submissions (which we absolutely will not), it would only be reasonable to allow written rebuttals and the process would continue ad infinitum. The written record must be concluded at some point and, under the NRAB rules, that point was when the parties filed their written submissions at the NRAB. The purpose of the amendments to the RLA which allow cases to be transferred from the NRAB to a PLB was to expedite handling, not to reopen written records on cases that were fully briefed and awaiting oral argument. Finally, in addition to running afoul of the NRAB rules and policies, supplemental submissions are simply not necessary. Future arbitrators will be able to read the Douglas, Goldstein and Wallin awards and determine their meaning for themselves. The notion that they would need supplemental submissions from the parties to understand the meaning of these awards is absurd.

Your assertion that CSXT has not employed a strategy designed to delay the resolution of contracting out cases pending in arbitration is obviously false. While we do not believe that this strategy will ultimately serve CSXT's interests, there can be no question that CSXT has employed and continues to employ the delay of arbitration as the chief element of its strategy. Simply put, CSXT has purposely frustrated the arbitration process at every turn in a failed attempt to create bargaining leverage on the underlying substantive issues. You and I both know this is true and I was surprised and disappointed to see your signature on a letter denying this indisputable fact.

Perhaps the best evidence of CSXT's foot dragging strategy is that over 400 fully briefed contracting cases are now pending in arbitration, with many of them languishing for 2 or 3 years or more. No one could possibly believe that the union is purposely delaying the resolution of these cases, particularly since we are prevailing in the vast majority of the cases that have been arbitrated. Moreover, each of the excuses you have raised in an attempt to explain away your strategy of delay is invalid. For example, you assert that CSXT opposed the assignment of seven arbitrators to resolve 43 cases pending at the NRAB in 2000 because those cases had not been

Mr. J. H. Wilson
October 20, 2006
Page Three

deadlocked at the NRAB. However, the truth is that in each case, the NRAB had issued a letter pursuant to its Uniform Rules of Procedure advising the parties that the case "has been deadlocked". In other words, your excuse for attempting to delay the arbitration of those cases is plainly and simply wrong as a documented matter of fact.

Of course, CSXT continued its pattern of delay when it refused to engage in an expedited arbitration procedure that would have expeditiously resolved some 300 contracting out cases that had been pending on public law boards for over a year. You purposely or otherwise missed our point when you noted that the NMB's consolidation of those public law boards into a single expedited board was a violation of the RLA. We agreed at that time that the NMB had no right to compel the consolidation of those boards. Our point was the BMWED agreed to voluntarily participate in an expedited procedure that would have saved everyone time and money without compromising their substantive rights and CSXT refused because its strategy was and continues to be one of delay.

Your assertion that CSXT did not engage in a pattern of delay with respect to the cases assigned to Arbitrators Wallin, Klein and Cohen at the NRAB is truly absurd. You contested the appointment of these arbitrators by the NMB, challenged their right to schedule hearings and sought the recusal of Arbitrators Klein and Cohen on wholly specious grounds when those efforts failed. Moreover, your assertion that CSXT "cooperated in the scheduling of hearings by Arbitrators Wallin and Klein" is patently false. CSXT vigorously contested the authority of Arbitrators Wallin and Klein to set hearing dates and "cooperated" only after Messrs. Wallin and Klein determined that they would set dates over CSXT's objections.

As we have explained in prior correspondence, you are simply wrong to assert that CSXT had good reason to request that Arbitrator Cohen recuse himself. The truth is that CSXT had no reason to request Arbitrator Cohen's recusal. Rather, it is clear that the recusal request was nothing but a pretext to further delay resolution of our contracting out disputes and an attempt to remove an arbitrator who made procedural rulings that impeded CSXT's strategy of interminable delay.

Arbitrator Cohen was appointed by the NMB in a letter dated August 12, 2005 and, while CSXT contested his authority to set a timely hearing date, it raised no concern over his selection by the NMB. In fact, in a letter dated October 13, 2005, CSXT's representative at the NRAB continued to contest Arbitrator Cohen's authority to set a hearing date, but noted that they were "delighted" with Arbitrator Cohen's appointment:

Mr. J. H. Wilson
October 20, 2006
Page Four

"**In summary, we are delighted that you have been assigned this docket of cases and look forward to presenting them to you at the appropriate time.** However, it is respectfully suggested that any consideration of a hearing date be deferred until after the NMB has expressly authorized payment for any work on these ten cases." (Emphasis in bold added)

Throughout the remainder of 2005 and the first half of 2006, CSXT filed a barrage of letters and briefs with the NMB and Arbitrator Cohen in the furtherance of its efforts to delay a hearing on the cases assigned to Arbitrator Cohen. While CSXT continued its delaying tactics throughout this period, it apparently continued to be "delighted" with Arbitrator Cohen's appointment and raised no issue concerning his selection. Of course, this came as no surprise because Arbitrator Cohen had previously been voluntarily selected by the parties to resolve cases pending at the NRAB concerning CSXT and predecessor railroads merged to form CSXT, including cases involving BMWE (e.g., Third Division Awards 35018, 35458 and 35316).

After CSXT's filings at the NMB failed to undermine Arbitrator Cohen's authority to set a hearing date, Arbitrator Cohen issued a ruling dated June 20, 2006 notifying the parties that he had determined that he had the authority to set a hearing date and would hold a hearing on the ten cases assigned to him during the month of July. Seven days later, on June 27, 2006, CSXT sought Arbitrator Cohen's recusal. In other words, nearly a year after Arbitrator Cohen was appointed by the NMB to the expressed delight of CSXT's representatives, CSXT suddenly sought Arbitrator Cohen's recusal after he rendered a ruling that would have thwarted CSXT's strategy of delaying hearings on contracting out cases. Thus, it is transparently clear that CSXT's request that Arbitrator Cohen recuse himself was nothing but a pretext designed to further CSXT's strategy of delay. This is particularly evident when consideration is given to the fact that Arbitrator Cohen had previously been voluntarily selected to decide other NRAB cases involving CSXT without complaint from CSXT.

As we have explained elsewhere in considerable detail, CSXT's attempt to withdraw the ten cases assigned to Arbitrator Cohen at the NRAB is a violation of Section 2 First and Section 3 First (I) of the RLA. As we pointed out above, our dispute over that matter is pending in federal district court which is the proper forum for its resolution and we see no purpose in commenting further here.

I was glad to see that you have not denied that your public law board proposal was a blatant effort at "cherry-picking". However, we emphatically deny that BMWED has engaged in cherry picking with respect to past dockets of CSXT contracting out cases. All of our efforts have simply been attempts to work our way around CSXT's obvious efforts to delay and frustrate the arbitration process. We have not engaged in cherry picking and a careful review of the various dockets of cases we have attempted to move to arbitration will bear that out. If you continue to

Mr. J. H. Wilson
October 20, 2006
Page Five

dispute this point, we will be happy to review each docket of cases with you to relieve any wholly unwarranted suspicions that you may harbor.

In summary, we stand by the position in our August 31, 2006 letter that CSXT's PLB proposal embodies a two part strategy to further delay arbitration and cherry pick those cases that do proceed to arbitration. Any fair reading of the record demonstrates that this is true. No matter how you twist and turn the truth, you simply can not escape the fact that there are over 400 contracting out cases pending at the NRAB and on PLB's that have been standing fully briefed and awaiting a hearing for 2 or 3 years or more. BMWED stands ready to hear these cases at a rate of at least twenty cases per month on a PLB and an equal number at the NRAB, while CSXT continues to do everything in its power to delay the hearing of these cases in a timely manner.

We were unable to resolve our differences when we met in Washington. If we are not more successful when we meet in Nashville next week, it will be necessary to resolve our differences over the Cohen cases in district court and to proceed to a procedural board to resolve our differences over a public law board agreement to resolve the remaining 160 cases at issue.

Sincerely,

Steven V. Powers
Director of Arbitration

cc:    Mr. Mike Lesnik
       Mr. Roy Robinson
       Mr. Roland Watkins
       Mr. Richard Edelman

