# Exhibit A

<u>PROCEDURAL AWARD</u>

<u>PUBLIC LAW BOARD NO. 3441</u>

Parties: Brotherhood of Railway Carmen of United States & Canada
and
Missouri-Kansas-Texas Railroad Company

Questions at Issue:

"(1) Should the Board be permitted to incur expenses not agreed to by the original members?

(2) Should the Board be permitted to employ secretarial and other assistants?

(3) Should the Board be permitted to require the production of additional evidence?

(4) Should the Board be restricted to interpret disputes arising only within one year?

Background: On September 21, 1983, the Undersigned was appointed the Procedural Neutral of the above captioned Board as a result of a dispute that arose between the parties concerning some of the terms of a proposed Agreement to establish a Public Law Board.

The genesis of the dispute was that on May 6, 1983 the Organization served notice on the Carrier of its intention to submit a given dispute to a proposed Public Law Board. The Organization, in its May 6, 1983 communication, also enclosed a draft of a proposed agreement to establish the aforesaid Board.

On May 11, 1983 the Carrier responded and submitted an alternate draft agreement for establishing the proposed Public Law Board. The principal differences in the Carrier's draft agreement devolve upon the four Issues which have been submitted to this Procedural Board for resolution.

Award No. 1

- 2 -

On May 24, 1983 the Organization rejected the Carrier's proposed draft and set forth its reasons for taking exception to the Carrier's May 11, 1983 proposed draft agreement.

On May 27, 1983 the Carrier informed the Organization as to why its revision of the Carrier's proposal was not acceptable to it.

On August 2, 1983 the Carrier and the Organization met to discuss their differences regarding the proposed agreement, but were unable to resolve the differences.

On August 5, 1983 the General Vice President of the Organization wrote R.J. Carvatta, Staff Director, National Mediation Board, requesting him to establish a Procedural Board to dispose of the issues in dispute.

On September 14, 1983, the National Mediation Board established this Procedural Public Law Board, and as mentioned on September 21, 1983 designated the Undersigned as the Procedural Neutral Member of the Board.

On January 3, 1984 the partisan member agreed to have the Procedural Neutral assume the additional responsibility of functioning as the Merits Neutral. The parties further agreed that the Procedural Neutral could resolve the procedural issues on the basis of the Submissions already forwarded him, without the necessity of a hearing thereon, and that when the parties met to present the substantive issue, they would be guided by his ruling on the procedural dispute, which rulings would be contained in the Agreement he would submit prior to the Board hearing on the merits issue.

The detailed position of the parties on the four procedural issues are:

Award No. 1

- 3 -

### Organization

Issue (1)

The Organization objects to either party being able to impose additional expenses on the other party. It stated that under the provisions of Section 3, Second, of the Railway Labor Act, either party must agree when the other served Notice of Intent to submit a dispute to a Board, but only such disputes may be submitted which are otherwise referable to the National Railroad Adjustment Board. A dispute, however, may be submitted to the NRAB without expenses to either party.

The Organization maintains that it is therefore inequitable for either party to be placed in a position where additional expenses may be imposed without agreeing to such expenses.

### Carrier

Issue (1)

As a general statement the Carrier requests that all the submitted Questions or Issues should be decided in the affirmative. Specifically, it states the provision to incur expenses is found in virtually all Agreements establishing public law boards since the enactment of the Statute authorizing public law boards, and procedural neutrals as early as 1967 including the provision here in issue.

### Organization

Issue (2)

The Organization advances the same reason in support of this issue as it did in Issue (1).

Award No. 1

- 4 -

### Carrier

Issue (2)

The Carrier states the Board should be authorized to employ secretarial and other assistants because occassions may arise where unforseen and unpredictable expenses are incurred and the Board should be able to cope with them. It adds that such a provision is found in virtually all public law board agreements.

### Organization

Issue (3)

The Organization notes that to permit either party to produce evidence at the Public Law Board hearing is not consonant with the provisions of the Railway Labor Act. That Statute requires the parties to exert every reasonable effort to make agreements as well as settle disputes. The Organization asserts that neither party should be permitted to present evidence or information for the first time at the Board, when they have not previously offered it. All the relevant evidence which the parties possess should be introduced before the parties proceed to the Board.

The Organization notes that the Rules of the National Railroad Adjustment Board do not permit the parties to introduce evidence for the first time at the Board sessions. Since Public Law Boards are established under the auspices of the NRAB, and the NRAB as well as the Railway Labor Act require the parties to make every reasonable effort to settle their disputes, it is difficult to reach this objective if the parties can lay back and wait until

Award No. 1

- 5 -

the Public Law Board is convened before they will present all their evidence. It is for this reason that this Question be answered in the negative.

### Carrier

Issue (3)

The Carrier notes that procedural neutrals who have called on to rule on this issue have consistently held that it is proper for a Public Law Board to consider any material evidence which is relevant to a determination of a dispute presented to it. The Carrier adds that there is nothing in the Statute creating public law boards that restricts these boards from considering evidence introduced for the first time before the aforesaid Board. The Carrier asserts the rules governing proceedings before the NRAB are not binding on public law boards.

### Organization

Issue (4)

The Organization contends it is unwise for the public law board to be restricted in rendering interpretations unless the request for the interpretation is made within one year from the date the public law board ceases to exist. The Organization notes the parties have no control as to when the Board may cease to exist. It further notes that if no additional disputes are submitted to it, the NMB will close the Board within a few months.

The Organization states that there are situations where Claimants are disabled or furloughed, and they may not be recalled or be physically able to return to work for a considerable period

Award No. 1

-- 6 --

of time after the Award was rendered. The Organization further states there are many seniority disputes that could arise long after an award was rendered, and restricting the period in which an interpretation could be rendered would create a chaotic condition.

The Organization notes that there are no time restrictions contained in the Railway Labor Act as to when the NRAB may render an interpretation of its awards. Since there are no time limits imposed on the NRAB, and since public law boards are governed by the same principles as the NRAB, there is no valid reason to impose time limits in this situation. Accordingly, the Procedural Neutral should not impose any time limits as when interpretations of public law boards awards may be requested.

Carrier

Issue (4)

The Carrier asserts that virtually all agreements establishing public law boards have time limits for rendering interpretations on issued awards. These time limitations range from three months to a year. The Carrier stresses that in order to dispose finally of issues in dispute, there must be a time limit imposed as to when a public law board may render an interpretation. It asserts a one year time limit is more than adequate. Disputes should not be "open-ended" for an indeterminate period.

Findings:

The Procedural Board finds the Carrier's overall position more persuasive both pragmatically and historically. The Board

Award No. 1

- 7 -

find that the Organization's reliance on the procedures of the National Railroad Adjustment Board, is misplaced.

The Congress passed Public Law 89-456 in June 1966, primarily at the behest of the Railroad Labor Organizations because these Organizations were dissatisfied with the rigidity of the regulations and procedures of the NRAB. The parties wanted greater flexibility and informality in the presentation and adjudication of their claims and grievances. The legislative history underlying P.L. 89-456 makes it abundently clear that the procedures, practices and rules of the National Railroad Adjustment Board were not the model that Public Law Boards had to follow. P.L. 89-456 was an escape from, rather than a course to follow, regarding the NRAB.

An analysis of the procedural rules that Procedural Neutrals under P.L. 89-456 have promulgated, will disclose that the agreements which have been drafted by these Procedural Neutrals, have been designed to afford the parties greater latitude in presenting cases than is allowed the parties under the rules of the NRAB.

It is in light of the history and practice that has been followed since 1966 with regard to Public Law Boards, that this Procedural Neutral finds the Organization's citations to, and general reliance upon, the NRAB unpersuasive and not compelling.

The Procedural Neutral finds that the Public Law Board (No. 3441) should be empowered to incur legitimate and reasonable expenses incident to executing its statutory responsibilities

Award No. 1

- 8 -

under Section 3 of the Railway Labor Act. For the same reason the Procedural Neutral finds that the Board should be authorized to employ a secretary and other necessary assistants to assist it in carrying out its appropriate duties.

The Procedural Neutral finds that the Public Law Board should be permitted to accept, or require the production of, additional relevant evidence which the Boards finds necessary to assist it in the resolution of claims and grievances submitted to it. While the Public Law Board should have the flexibility to consider and accept relevant data and information that it finds necessary to resolve the disputes before it, nevertheless, the Board finds the parties should generally adhere to the established practice of introducing or presenting data and information which has been previously introduced at the intermediate steps of the dispute machinery of the schedule Agreement. As a general rule there should be no surprizes to either party at the terminal step of the arbitration procedure. However, the Board should have the flexibility to conduct its operations in such a manner as to enable it to maximize its efforts to consider all the relevant facts and evidence of the case.

The Procedural Neutral finds that one year from the time the Board has ceased its operations is a sufficiently adequate time to allow requests for interpretations of rendered awards. Disputes should not be open ended. This is the practice generally prescribed for public law boards, and the Procedural Neu-

Award No. 1

- 9 -

tral finds no compelling reason to depart from this generally acceptable time limit standard.

AWARD: This attached Memorandum of Agreement shall govern the establishment and procedures of Public Law Board No. 3441.

    Question No. 1 is answered in the Affirmative

    Question No. 2 is amended in the Affirmative

    Question No. 3 is answered in the Affirmative

    Question No. 4 is answered in the Affirmative.

*[signature: Jacob Seidenberg]*
Jacob Seidenberg,
Procedural Neutral

*January 9, 1984*