# Exhibit C

Form 1    NATIONAL RAILROAD ADJUSTMENT BOARD    Award No. 11022
          SECOND DIVISION                       Docket No. 10584
                                                2-ICG-SM-'86

The Second Division consisted of the regular members and in addition Referee Elliott H. Goldstein when award was rendered.

Parties to Dispute: (Sheet Metal Workers' International Association
                    (
                    (Illinois Central Gulf Railroad

Dispute: Claim of Employes:

1) That the Carrier has violated the provisions of the Sheet Metal Workers' Section "B" Agreement and established practice by the assignment of other than Water Service Repairmen (Mechanical Department Pipefitters) to the installation of a natural gas pipeline at the Carrier's Centralia Car Shop, Centralia, Illinois, beginning on or about December 20, 1982.

2) That the Carrier be ordered to additionally compensate Water Service Repairmen, R. D. Bryant and J. A. Camden in the amount of 144 hours each at the straight time rate for this violation of the current controlling agreement.

FINDINGS:

The Second Division of the Adjustment Board, upon the whole record and all the evidence, finds that:

The carrier or carriers and the employe or employes involved in this dispute are respectively carrier and employes within the meaning of the Railway Labor Act as approved June 21, 1934.

This Division of the Adjustment Board has jurisdiction over the dispute involved herein.

Parties to said dispute waived right of appearance at hearing thereon.

For the purpose of this Award, the relevant facts in this case are that by letter of February 17, 1984 the Organization filed its Notice of Intent to submit an Ex Parte Submission concerning the above stated Claim. The matter was duly docketed with this Division. By letter dated December 20, 1985, which was received by this Division on December 26, 1985, the Carrier notified the Organization of its intent to withdraw the Claim from the Second Division and to have a Public Law Board established to decide the Claim. By letter dated January 22, 1986, but nevertheless received by the Organization on January 21, 1986, the Carrier notified R. J. Carvatta, Staff Director/ Grievances, National Mediation Board, of its desire to establish a Public Law Board and further requested that the Board appoint the Organization's Representative. By letter dated January 21, 1986, the Organization wrote to R. J.

Form 1  
Page 2

Award No. 11022  
Docket No. 10584  
2-ICG-SM-'86

Carvatta, stating that the instant Claim had been deadlocked and assigned to Referee Goldstein, the Parties were waiting for acceptable dates from Referee Goldstein to hear the case and that the Carrier's request for the establishment of a Public Law Board should be disregarded.

This matter was argued before Referee Goldstein on January 31, 1986. The Organization addressed the merits of the Claim. The Carrier addressed only the issue that the Second Division no longer had jurisdiction to consider the matter in light of the Carrier's request to establish a Public Law Board. The Organization, aside from its position taken on the merits, contends that in this case there is jurisdiction for this Division to hear the matter.

Section 3, Second of the Railway Labor Act provides, in pertinent part:

> "If written request is made upon any individual carrier by the representative of any craft or class of employees of such carrier for the establishment of a special board of adjustment to resolve disputes otherwise referable to the Adjustment Board, or any dispute which has been pending before the Adjustment Board for twelve months from the date the dispute (claim) is received by the Board, or if any carrier makes such a request upon any such representative, the carrier or the representative upon whom such request is made shall join in an agreement establishing such a board within thirty days from the date such request is made. The cases which may be considered by such board shall be defined in the agreement establishing it. Such board shall consist of one person designated by the carrier and one person designated by the representative of the employees. If such carrier or such representative fails to agree upon the establishment of such a board as provided herein, or to exercise its rights to designate a member of the board, the carrier or representative making the request for the establishment of the special board may request the Mediation Board to designate a member of the special board on behalf of the carrier or representative upon whom such request was made. Upon receipt of a request for such designation the Mediation Board <u>shall promptly make such designation</u> and <u>shall select</u> an individual associated in interest with the carrier or representative he is to represent, who, with the member appointed by the carrier or representative requesting the establishment of the special board, shall constitute the board. Each member of the board shall be compensated by the party he is to represent. The members of the

Form 1  
Page 3

Award No. 11022  
Docket No. 10584  
2-ICG-SM-'86

> board so designated shall determine all matters
> not previously agreed upon by the carrier and the
> representative of the employees with respect to
> the establishment <u>and jurisdiction</u> of the board.
> If they are unable to <u>agree such matters shall be
> determined by a neutral member of the board</u>
> selected or appointed and compensated in the same
> manner as is hereinafter provided with respect to
> situations where the members of the board are
> unable to agree upon an award." (Emphasis
> supplied)

We believe that a review of the facts in this case, the clear language of the statute and the reasoning contained in <u>Public Law Board No. 46, Award No. 1</u> (Seidenberg) requires us to find that we do not have jurisdiction at this time to consider either the merits of the instant claim <u>or the procedural issue</u> as to whether this Division or a Public Law Board has jurisdiction to hear the merits of the Claim.

In <u>Public Law Board No. 46, Award No. 1</u>, Referee Seidenberg reasoned that with respect to the establishment of a Public Law Board:

> "The only statutory requirements are that the
> dispute be a dispute referable to the Adjust-
> ment Board and that it has been before the
> Adjustment Board for 12 months."

Based on the clear language of the statute, we agree with this analysis.

Thus, on the basis of the facts in this record, it appears that the instant Claim has been before this Division for in excess of twelve months; and that it was and is the kind of dispute referable to the Adjustment Board. Hence, the statute entitles the Carrier as a matter of right to the establishment of a Public Law Board.

<u>Public Law Board No. 46, Award No. 1</u> does discuss situations where a party would not be entitled to the establishment of a Public Law Board where such would give it an unfair advantage; for example, when a Referee has decided a matter and circulates the decision or otherwise indicates the outcome of a matter and the losing party seeks to avoid the results by asking for the establishment of a Public Law Board. However, we need not address the issue of whether this matter falls within the exceptions to the stated Rule. Indeed, by the clear language of the statute, we cannot address that issue. The above quoted statutory language makes it clear that the established Public Law Board is to "determine all matters not previously agreed upon by the carrier and the representative of the employees with respect to the establishment <u>and jurisdiction</u> of the board. If they are unable to agree such matters <u>shall be determined by a neutral member of the board</u>." [Emphasis added]. Thus, by the clear terms of the statute, the Public Law Board's Carrier and

Form 1                                                          Award No. 11022
Page 4                                                          Docket No. 10584
                                                                2-ICG-SM-'86

Organization Representatives (and if they cannot agree, then the Public Law Board's procedural neutral), <u>and not this Division</u>, must make the initial jurisdictional determination. The arguments made as to the appropriateness of the establishment of a Public Law Board to ultimately consider the merits of this Claim thus must be considered, in the first instance, by that Public Law Board and not the Division.

<u>A W A R D</u>

There is no jurisdiction at this time to consider the jurisdictional procedural issue or merits of the Claim. The procedural issue of whether a Public Law Board or this Division has jurisdiction to hear the merits of the Claim must be decided by the Representatives on the Public Law Board, and in the event that they cannot agree, then by said Board's procedural neutral.

                                    NATIONAL RAILROAD ADJUSTMENT BOARD
                                         By Order of Second Division

Attest: _____
         Nancy J. Dever - Executive Secretary

Dated at Chicago, Illinois, this 8th day of October 1986.